### ROTHENBERG et al. v. SHAPIRO.

(Supreme Court, Special Term, Erie County. January, 1913.)

SALES (§ 435*)—COUNTERCLAIM FOR BREACH OF WARRANTY—SUFFICIENCY OF COUNTERCLAIM.

   Under Personal Property Law (Laws 1911, c. 571) § 130, which provides that, in the absence of contrary agreement, acceptance of goods by a buyer does not release the seller's liability for breach of warranty, etc., but that, if the buyer fails to give notice of the breach within a reasonable time after he knows or ought to know of such breach, the seller shall not be liable, a counterclaim by a buyer counting on a breach is demurrable, where it fails to aver that the goods involved were returned or tendered back, or that the seller was notified that they were of inferior quality.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1239–1245; Dec. Dig. § 435.*]

Action by Isaac Rothenberg and another against Max Shapiro. On demurrer to a counterclaim. Demurrer sustained.

Walter F. Hofheins, of Buffalo, for plaintiffs.
M. L. Coleman, of Warsaw, for defendant.

POOLEY, J. The counterclaim in question sets up facts relative to the sale upon which the complaint counts, the answer first alleging,

in effect, a general denial.  It is not alleged that the goods were returned, or that there was an offer to return them, or that any notice was given the vendor that the goods were claimed to be of inferior quality.  The property was perishable fruit, viz., peaches in baskets.  They were unloaded and presumably sold or used by the defendant.

The case involves the construction of section 130 of the Personal Property Law (Laws 1911, c. 571), which reads:

"Acceptance Does Not Bar Action For Damages.—In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale.  But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

The contention is narrowed down to the last sentence of the section.  Defendant contends that this is a proviso, and must be taken advantage of by the plaintiffs if they desire to plead it.  This contention cannot be sustained.  This clause goes to the merits, and clearly defines the rights of the parties, and, to constitute a valid cause of action or counterclaim, it must appear that its terms have been complied with.

The demurrer is sustained, with costs.