(82 Misc. Rep. 468.)

### MARX v. LOCOMOBILE CO. OF AMERICA.

(City Court of New York, Trial Term.   November, 1913.)

1. SALES (§ 273*)—IMPLIED WARRANTY OF FITNESS.

　　Where a buyer ordered an automobile truck for the purpose of carrying asphalt, which purpose was known to the manufacturer, there was an implied warranty, under Personal Property Law (Consol. Laws, c. 41) § 96, as amended by Laws 1911, c. 571, relative to implied warranties, that the truck was reasonably fit for the purpose for which it was bought.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 772–776; Dec. Dig. § 273.*]

2. SALES (§ 288*)—IMPLIED WARRANTY—ACCEPTANCE OF PROPERTY.

　　Under Personal Property Law (Consol. Laws, c. 41) §§ 82–158, as amended by Laws 1911, c. 571, an implied warranty, contrary to the common law, will survive acceptance of the goods bought, though the defects be not latent.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. § 288.*]

3. SALES (§ 347*) — IMPLIED WARRANTY — WHEN AVAILABLE — CONDITIONS PRECEDENT.

　　Where a dealer in automobile trucks ordered a truck from a manufacturer to be used to carry asphalt, delivery being made direct to the dealer's customer, and the truck proved unsatisfactory, but the customer continued to use it in his business, and made no offer to return it, or to otherwise conform to the provisions of Personal Property Law (Consol. Laws, c. 41) § 150, as amended by Laws 1911, c. 571, prescribing the conditions precedent to a buyer's right to rely upon an implied warranty after acceptance of the goods, the dealer could not, in an action against him for the price, set up as a defense breach of an implied warranty that the truck was reasonably fit for the purpose for which it was sold.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 962–972; Dec. Dig. § 347.*]

Action by George B. Marx against the Locomobile Company of America to recover the purchase price of a truck ordered by defendant from plaintiff. Judgment for plaintiff.

Abraham Nelson, of New York City, for plaintiff.

Niles & Johnson, of New York City, for defendant.

GREEN, J.   This action is brought by the plaintiff, a manufacturer of wagons and automobile trucks, against the defendant, to recover the purchase price of a truck ordered by the defendant from the plaintiff. The order was in writing, and provided for the manufacture of a certain type of wagon, designated in a catalogue issued by the plaintiff as "Type 18," and contained certain particular specifications as to the lining of the body with asbestos and extra steel plates. The truck

was delivered to the defendant's customer. The truck was to be used to carry asphalt, and the purpose of its use was made known to the manufacturer. After being in use for some time, it appears from the evidence on the trial that it worked unsatisfactorily for a number of reasons; the chief among which being that the heat of the asphalt caused in some way the iron to warp, and consequently that the carriage or body of the truck would not work properly, and that the iron channels became out of order and necessitated the employment of a number of men to lower and raise the body of the truck when it was required to unload the wagon or to replace the body after a load of asphalt had been dumped upon the ground. Notwithstanding this apparent alleged defect in the operation of the wagon, the evidence is uncontradicted—in fact, the defendant admits—that the truck has been used by the defendant's customer, and is still being used up to the present time, in the regular course of business, although with some difficulty, and some additional expense, as claimed by the defendant, in that, where one man was supposed to operate the truck, more are required on account of its improper operation. The case came on for trial, and upon the facts in the case a verdict was directed for the plaintiff. A motion was thereupon made to set aside the verdict, and this motion is now before the court.

[1] Whatever rights the respective parties to this action have arise and must be determined under their contract and the sales law, being sections 82 to 158 of the Personal Property Law (Consol. Laws, c. 41), as amended by Laws 1911, c. 571. Section 96 of that law provides:

"There is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except * * * 1. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

Under this provision I am satisfied, taking the evidence into consideration, that there was an implied warranty that the wagon should be reasonably fit for the purpose of carrying asphalt, and that the purpose for which the truck was desired was made known to the manufacturer; and, while it is true no express warranty was contained in the written contract, implied warranties may nevertheless attach to a written as well as an unwritten contract of sale (Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422), and consequently it is evident from the testimony that there was an implied warranty in this case.

[2] At common law the acceptance of the goods when they did not correspond to the *implied* warranty or condition destroyed the implied warranty, and it did not survive acceptance unless the defects were latent. Ideal Wrench Co. v. Garvin Mach. Co., 92 App. Div. 187, 87 N. Y. Supp. 41, affirmed without opinion 181 N. Y. 573, 74 N. E. 1118. In the case at bar I am satisfied that there was an acceptance of the goods, and the question now resolves itself into one of law as to

whether the sales law (so called) has changed the common-law rule that an implied warranty does not survive acceptance. In this connection sections 130 and 150 of the sales law must be read together, and I am convinced that under these provisions acceptance of goods no longer extinguishes a warranty of any kind, express or implied. It may be proper here to say that an express warranty at common law survived the acceptance of the goods, and this proposition is too well settled to require any citation of authorities. Section 130 of the sales law provides that the acceptance of goods does not bar an action for damages, but that the buyer after acceptance of the goods must within a reasonable time give notice to the seller of the breach of any promise or warranty, otherwise the seller shall not be liable. The language further employed is as follows:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale."

And it will be remembered that subdivision 1 of section 96, hereinbefore referred to, creates by law an implied warranty of fitness for purpose when such particular purpose is made known to the manufacturer, and consequently a right of action would now survive acceptance.

[3] The remedies given and the rights of a buyer upon a breach of warranty, express or implied, after acceptance of goods, are set forth and provided in section 150 of the sales law, and the question in this case now is whether the defendant has placed itself in a position to avail itself of any one of them and whether it has established by the evidence any damage either for the purpose of reducing plaintiff's claim or defeating it altogether. Section 150, subd. 1, provides that:

"Where there is a breach of warranty by the seller, the buyer may, at his election, (a) accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price; (b) accept or keep the goods and maintain an action against the seller for damages for the breach of warranty; (c) refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for the breach of warranty; (d) rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

Subdivision 2 provides that:

"When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted."

Subdivision 3 provides:

"Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. But if deterioration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the

buyer from returning or offering to return the goods to the seller and rescinding the sale."

Subdivision 4 provides:

"Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods."

Subdivision 5 is inapplicable to the facts in the case at bar, and subdivisions 6 and 7 have relation to the measure of damages. The provisions of section 150 hereinbefore enumerated which must be applied to the facts in the case at bar are clauses "a" in subdivision 1 of section 150, "d" in the same subdivision and section, and subdivisions 3 and 4.

Taking up clause "a," the evidence on the part of the defendant in this case discloses absolutely nothing which would entitle the defendant to any recoupment in diminution or extinction of the price, so far as damages are measured in money. It is true defendant attempted to show such damage, but the testimony was excluded as incompetent upon the evidence disclosing that the witness was not qualified to give the testimony sought to be adduced. Of course, if evidence as to damage had been properly presented, it would have been competent to either reduce or wipe out the purchase price, or entitle defendant to judgment for the excess on a counterclaim.

Reviewing the evidence in conjunction with clause "d," at no time was there a suggestion made to return or an offer to return the truck; and so, too, under subdivision 3, there never was any suggestion of a rescission of the contract or an offer to return, either in a good condition or as deteriorated by usage due to the breach of warranty; but, on the contrary, defendant's own testimony conclusively establishes the fact that notwithstanding the alleged breach of warranty the truck was retained and used in the business of the defendant's customer because it was necessary for them to carry out certain contracts which they had for the delivery of asphalt.

Under subdivision 4, while the facts disclosed that defendant had the right to rescind the contract and to return or offer to return the truck and escape liability for the purchase price, this course was never adopted. I hold in this case that under the sales law, supra, the common law has been changed and an implied warranty now survives acceptance of the goods. I have been referred to no authority which has yet passed upon the question in this state under the present law, but an examination of the law leads me to that conclusion, however, in order that advantage be taken of such survival, the buyer must protect his rights by complying with and conforming to the provisions enacted for that purpose; otherwise they are lost. This the defendant has failed to do.

The defendant's customer required the truck in its business; they were loath to give it up. It has been drawing and carting asphalt for months and months, and running as many as 30 or 40 miles a day with its deliveries throughout the city of New York. They used it in their business, and they now seek to defend against the purchase price. It

is no doubt true that there was a breach of the implied warranty, but, to use a very homely, but apt, expression, defendant "cannot have its cake and eat it." Having eaten its cake, it must now pay for it. I am satisfied, after a careful review of both the law and the facts in the case, that the direction of a verdict in favor of the plaintiff was right and should not be disturbed.

Defendant may have 10 days' stay and 30 days to make a case after entry of judgment and notice thereof.

Judgment accordingly.