SIMONE LEBLANC *v.* NEWMAN COMET-LINCOLN-MERCURY, INC., ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-665-22657

Argued April 6—decided July 10, 1970

*Robert E. Cohn,* of Hartford, for the appellant (named defendant).

*Daniel W. Moger, Jr.,* of Hartford, for the appellant (defendant Ford Motor Company).

*Benjamin A. Markman,* of Hartford, for the appellee (plaintiff).

DiCenzo, J.    The plaintiff brought an action seeking damages against the named defendant, hereinafter called Newman, alleging a breach of warranty arising out of defects in an automobile purchased by the plaintiff from Newman at a cost of $4539.10.    Thereafter Newman impleaded the Ford Motor Company, referred to as Ford, as a third-party defendant and alleged that Ford warranted the car to the plaintiff.

The assignments of error of both Newman and Ford are directed to the charge to the jury, to the trial court's refusal to set aside the verdict, and to the denial of the motion for judgment notwithstanding the verdict.    Newman's assignments of error as

briefed do not seriously question the court's ruling on the motion to set aside the verdict and for judgment notwithstanding the verdict, for the judgment of the plaintiff against Newman is identical to the judgment awarded Newman on its third-party complaint against Ford Motor Company. They concern themselves solely with the issues raised by the Ford Motor Company in its assignment of error concerning damages. Therefore, with the result arrived at by this decision, it becomes unnecessary to consider the claims of error by Newman. We do consider the assignments of error of the third-party defendant.

The errors claimed are that (1) the complaint of the third-party plaintiff does not allege a breach of duty owed to it by the third-party defendant; (2) the court failed to grant certain requests to charge; (3) the court failed to charge concerning certain possibilities; (4) and (5) the court's charge on damages was incorrect; and (6) and (7) the court erred in failing to set the verdict aside. In reviewing the action of the court in denying the motion to set aside the verdict, we consider the evidence in the light most favorable to the plaintiff. *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 314, and cases cited.

The jury could reasonably have found the following facts: On February 26, 1966, the plaintiff purchased a new Mercury automobile from Newman. Shortly after its purchase, it commenced to vibrate and was noisy. At a speed of thirty miles per hour the vibration was so severe that the plaintiff could hardly stand the noise, and she thereupon ceased to drive the car. On the day of purchase, the plaintiff's husband had become aware of a booming noise and vibration in the car. After the car had been driven a few hundred miles, he took the car back to Newman

and was informed that it needed a new drive shaft. The car remained at Newman's for a few days, but after it was picked up by the plaintiff's husband the vibration still continued. The car was returned to Newman a second time and the tires were changed. The plaintiff's husband picked the car up again, but the condition remained the same. He was told that a factory representative would come to Newman's in a few days, and later he met with a Mr. Flanders, who advised him that new parts would be obtained from Detroit with which to realign the drive shaft and that the plaintiff would be notified when to bring the car back. Sometime in April the car was returned to Newman and left there three days. Upon its being driven, however, the condition was found not to have been improved. At this point the plaintiff's husband requested Newman to fix the car or give the plaintiff a new one. During the month of April, an independent garage mechanic tested the car three times and on each occasion found a vibration which he attributed to the drive shaft or differential. During the first part of May, the plaintiff and her husband drove to Lewiston, Maine, to visit the husband's brother-in-law, named Robichaud, an automobile mechanic. He drove the car and became aware of a vibration in the drive line. Other Mercurys in March or April of 1966 had similar vibrations, and Robichaud had been unable to correct the vibration. According to Robichaud, the vibration resulted from a defect in the drive shaft. The plaintiff's husband again took the car to Newman's, but without any result. After the plaintiff had consulted her attorney, her husband returned the car to Newman, took the markers off and left it there. At this point the car had been driven about 4000 miles. The fair market value of the car in its then condition was not over $2500. The fair market value of a new 1966 Mercury was $4100. An unde-

fective Mercury would depreciate $800 upon leaving the show room. A Mercury two months old, in normal condition and having been driven 4000 miles, was worth between $3500 and $3600.

Certain warranties were received in evidence requiring Newman and Ford to fulfil generally similar obligations for the benefit of the buyer. When the car was delivered, the buyer was given an owner's manual by Newman. The warranty in this manual provides that Ford warrants to the buyer that the motor vehicle was free, under normal use and service, from defects in material and workmanship for a period of twenty-four months from the date of delivery.

As to the third-party defendant's first assignment of error, in which it was claimed that the court erred in refusing to set aside the verdict and in refusing to grant judgment for the third-party defendant on the theory that the complaint made no claim that Ford owed any duty to Newman, we examine § 52-102a of the General Statutes, which provides: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him [the third-party plaintiff] for all or part of the plaintiff's claim against him." The impleading of the third party by the defendant in this civil action is a statutory proceeding. The third-party defendant's reliance on *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, 461, does not help him. *Stavnezer* was an action to recover damages for personal injuries alleged to have been caused by tortious use of language. In that case, the court found the complaint defective because it did not state a cause of action. In the instant case, the third-party plaintiff alleges that the third-party defendant be joined in the action

to respond to any damages assessed in favor of the plaintiff by virtue of a warranty made by the third-party defendant to the plaintiff, thus fulfilling the conditions set forth in § 52-102a of the General Statutes. This assignment is without merit.

The second, fourth and fifth assignments of error can be considered together because they relate to the instructions of the court on the matter of damages. Error is claimed in that the court failed to grant the following requests to charge: "(1) You have heard testimony with respect to the drop in the market price of the plaintiff's Mercury. You are to disregard this evidence and base your damages, if any, on the fair market value of the cost to repair and replace any defective parts of the plaintiff's automobile. (2) The defendant third party plaintiff is not entitled on the question of damages, to anything more than the cost of repairing and replacing any parts of the plaintiff's Mercury that you find to be defective."

The court charged the jury that the measure of damages is the difference between the value of the automobile as it would have been if it were free from defect on the date the breach occurred and the value of the automobile as it was with the defect when the breach occurred. These fair market values were the minuend and subtrahend, respectively, which would result in a remainder which would be the measure of damages if a breach was found by the jury. Section 42a-2-714 of the General Statutes provides, in cases where the breach is in regard to accepted goods, as follows: "(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a differ-

ent amount. (3) In a proper case any incidental and consequential damages under . . . [§ 42a-2-715] may also be recovered." There is no merit in these assignments.

The third assignment claims error in that the charge was silent as to the possibility that a breach of warranty between the third-party plaintiff and the third-party defendant need not occur on the same date as any breach between the plaintiff and the defendant. This was simply a hypothetical assumption with no basis in fact. The short answer to this claim is that if the court injected the element of possibilities in its instructions, particularly in making assumptions, it would only tend to confuse the jury. It was long ago settled in Connecticut that a court is not bound to take any notice in its instructions to the jury when a merely hypothetical set of facts is claimed. *Burnham* v. *Sherwood,* 56 Conn. 229, 232. There is no merit to this assignment.

Assignments six and seven claim error in the court's failure to set the verdict aside and to grant judgment notwithstanding the verdict. This case basically presented two questions of fact for the jury: (1) Was there a defect? (2) Was it repaired within a reasonable time, if at all? The warranties were the same. The jury found the issues for the plaintiff and very likely gave some consideration to consequential damages as set forth in § 42a-2-715 of the General Statutes. These assignments are of no help to the defendants.

There is no error on either appeal.

In this opinion DEARINGTON and KINMONTH, Js., concurred.