Johrt S. Lockhart, J.
On the 23d of June, 1970 Mrs. Carretta, the plaintiff, went to the defendant, which is an agency for the sale of new MG automobiles, and agreed to purchase a 1970 MG Midget convertible, red, with certain extras, for the total price of $2,604. On Monday, June 29, 1970 she picked up her car and received a copy of a purchase contract, which she *690 signed, and paid the balance of the purchase price. At that time she commented that there was a knock in the motor and was assured that the motor was all right, the car just had to be run. She took a trip to Washington, D. C., and on her return the car stalled. She notified the defendant and on July 7 the MG was picked up by the defendant, and on July 13 the plaintiff picked it up and she drove the car for three blocks and it became inoperable and then it was returned to the defendant, who kept it until the 25th of July when the defendant notified the plaintiff that the car was ready, and at this time the car traveled a little further than the three blocks and was towed home. Then the plaintiff notified the defendant, who advised the plaintiff that the car needed a new motor and they picked up the car on July 27.
On July 30, 1970 the attorney for the plaintiff wrote to the defendant advising the defendant .that the car was not of merchantable quality and that the plaintiff was rescinding the contract and requesting the return of the payment of $2,604. The attorney for the defendant responded on August 5, advising the attorney for the plaintiff that the engine for the motor vehicle was on order, but that a dock strike in England was preventing its delivery. On August 14 this action was commenced and sometime in the latter part of September the defendant advised the plaintiff that the car is now ready, the new motor has been installed.-
The defendant contends that this court lacks jurisdiction because it is an action in rescission and that the dock strike in England made performance impossible. The court rejects both contentions.
Even though the plaintiff in her complaint asks in the ad damnum clause .that the contract of sale be rescinded and also asks for the return of the purchase price, this court still has jurisdiction.
The courts have consistently held to the basic principle that a complaint which on its face states a good cause of action is not subject to dismissal even though it contains a prayer for relief to which the plaintiff may not be entitled. (Moen v. Thompson, 186 Misc. 647.) The latter case was based on the decision most often quoted on the subject Wainwright & Page v. Burr & McAuley (272 N. Y. 130).
The most recent case in this area is Sterling Nat. Bank & Trust Co. of N. Y. v. Merchants Bank of N. Y. (48 Misc 2d 72) where the court said that if the proof entitles plaintiff to any kind of relief, the court can by amendment or otherwise accommodate the pleading to allow the cause of action proven by the *691 plaintiff. In the case before us, although the complaint could have been drawn a bit more artfully, it does make out a case, since the rescission had already been accomplished by act of the plaintiff before the action was brought. Accordingly, although this court does not have jurisdiction over an action for rescission of a contract, the complaint can be treated as one for money damages only, over which this court definitely has jurisdiction.
Concerning the merits of the case, the plaintiff is entitled to damages amounting to her payment on the contract, under the Uniform Commercial Code and under common law.
Although there is not too much law available on the interpretation of section 2-608 of the Uniform Commercial Code, it is felt that the buyer revoked her acceptance of the car within a reasonable period of time after discovering that the car could not be used for the purpose intended. It is significant to note that the Legislature put into this section subdivision (3) which reads ‘ ‘ A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.” The Practice Commentary (in McKinney’s Cons. Laws of N. Y., Book 40, Part 2, Uniform Commercial Code, p. 516) compares the buyer’s right in rescinding a contract to the buyer’s right under former section 150 of the Personal Property Law which covers the identical remedies in the event of a breach of warranty.
Subdivision 4 of section 150 of the Personal Property Law (Remedies for breach of warranty) specifically gave the rights of the buyer this way: “4. Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods. If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods, or immediately after an offer to return the goods in exchange for repayment of the price.”
In common law a purchaser was entitled to damages in the amount of the total contract price where the item purchased could not be used for the purpose for which it was bought (Marx v. Locomobile Co. of America, 82 Misc. 468; Beeman Shoe Co. v. Carey, 176 N. Y. S. 435; American Paper & Pulp Co. v. Denenberg, 233 F. 2d 610; Seneca Wire & Mfg. Co. v. A. B. Leach & Co., 247 N. Y. 1).
When the purchaser called the attention of the seller to the knock in the motor and the seller elected to pass it on in that condition, the seller assumed the risk of having it returned *692 promptly if the merchandise was not fit for which the purchase was made. No proof as to impossibility of performance was submitted.
Judgment for the plaintiff in the sum of $2,604.