Jay BLUM, Plaintiff-Appellant,

v.

PROBATE COURT OF CHITTENDEN COUNTY, VERMONT, L. John Cain, Judge of Chittenden Probate Court, Joseph Handy, Commissioner, Department of Social Rehabilitative Services, Vermont, Dale and Jeanne Goldhaber of Burlington, Vermont, Robert Polworth, Clerk, Superior Court, Chittenden County, Defendants-Appellees.

Nos. 497, 498, Dockets 77–7215, 77–7267.

United States Court of Appeals, Second Circuit.

Argued Dec. 14, 1977.

Decided April 12, 1978.

Jay Blum, pro se.

Thomas F. Heilmann, Valsangiacomo, Heilmann & Detora, Barre, Vt., on the brief, for plaintiff-appellant.

David H. Greenberg, Asst. Atty. Gen., Montpelier, Vt. (M. Jerome Diamond, Atty. Gen., Montpelier, Vt., on the brief), for defendant-appellee Joseph Handy.

Michael R. Gadue, Asst. Atty. Gen., Chief, Civ. Litigation Div., State of Vt., Burlington, Vt. (M. Jerome Diamond, Atty. Gen., State of Vt., Montpelier, Vt., on the brief), for defendants-appellees Probate Court of

Chittenden County, Vt., and L. John Cain, Judge.

Richard C. Blum, Burlington, Vt. (Blum Associates, Inc., Burlington, Vt., on the brief), for defendants-appellees Goldhabers.

Before LUMBARD, MOORE and MULLIGAN, Circuit Judges.

LUMBARD, Circuit Judge:

This consolidated appeal from orders of the United States District Court for the District of Vermont, Coffrin, J., dismissing appellant's complaint and denying his motion to amend the judgment, involves a constitutional challenge to the termination of appellant's parental rights in Massachusetts judicial proceedings and subsequent adoption of appellant's son in Vermont pursuant to a Vermont judicial decree. Alleging that the Massachusetts termination proceedings were constitutionally infirm and infected the Vermont adoption decree, appellant commenced this action against the Vermont court and judge who authorized the adoption, the Vermont administrator responsible for adoptive consent, and the Vermont-domiciled adoptive parents,[1] seeking declaratory and injunctive relief under 42 U.S.C. § 1983 and habeas corpus relief under 28 U.S.C. § 2241. After considering the allegations against each appellee, the district court dismissed the second amended complaint pursuant to Rule 12(b)(6), Fed.R. Civ.P., for failure to state a claim upon which relief can be granted. We find appellant's pleadings devoid of a cognizable constitutional claim and affirm.

Jay Blum's loss of custody of his son and subsequent attempt to regain it, insofar as gleaned from the complaint, begins with appellant's marriage to Constance Brown in Massachusetts in 1967. Their son, Nathan David Dan-Israel Blum, was born on September 30, 1968. A month after Dan celebrated his fourth birthday, his mother committed suicide, leaving appellant grief-stricken by the loss of his wife and suffering from a hereditary sleep disorder. On November 14, 1972 appellant placed Dan under the care and custody of The Avon Home, a licensed child placement agency in Cambridge, Massachusetts; thereafter, from December 1972 to February 15, 1973 appellant successively resided in two Massachusetts hospital mental health units to which he voluntarily admitted himself for treatment of his sleep disorder.

On March 6, 1973 The Avon Home was appointed legal guardian for Dan Blum by the Middlesex Probate Court in Massachusetts, and on November 27, 1973 Cambridge Family and Children's Services, the successor to The Avon Home, petitioned that court for permission to place Dan for adoption without appellant's consent. Appellant was notified of the purpose and date of the hearing on this petition and engaged counsel to represent him, but he failed to attend the hearing. Instead, acting on the advice of his psychiatrist, who told him that he would have little chance to prevail at the hearing, appellant attempted to kidnap his son in order to gain custody. Failing in this attempt, appellant left for Israel where he remained until some time prior to January 8, 1975. Appellant's attorney, however, appeared at the hearing on appellant's behalf, and apparently asked for leave to withdraw as counsel when his client did not appear.

On August 20, 1974 the Middlesex Probate Court granted the petition, ruling that Dan Blum could be adopted without his father's consent. In January 1975 after returning to the United States, appellant consulted his attorney; but it was not until March 22, 1975 that appellant petitioned the Massachusetts court for permission to file a late appeal from its order of termination of his parental rights. This request was denied in August 1975.

While appellant's petition was pending in the Massachusetts court, Cambridge Family and Children's Services transferred custody of Dan Blum to the Vermont Department of Social Rehabilitative Services which con-

---

1. Robert Polworth, Clerk, Superior Court, Chittenden County, was named as an additional defendant. On August 3, 1976 the district court dismissed the complaint as to Polworth. Appellant has not contested that ruling.

sented to Dan's adoption by Dale and Jeanne Goldhaber, Vermont domiciliaries. On May 5, 1975, without notice to appellant, the Chittenden County Court of Vermont, L. John Cain, J., issued the adoption decree.

Ultimately seeking to regain custody of his son, appellant commenced this action in June 1976 for declaratory, injunctive and habeas corpus relief against appellees Dale and Jeanne Goldhaber, the Chittenden County Court, Judge Cain, and Joseph Handy, the Commissioner of the Vermont Department of Social Rehabilitative Services.[2] Appellant claimed that by acting in accordance with a constitutionally infirm Massachusetts parental termination decree, appellees had deprived him of his constitutionally protected parental rights. His challenge to the Massachusetts decree was premised on the purported utilization in the Massachusetts proceeding of a vague and overbroad statutory termination standard and inadequate procedural safeguards, including deficient notice of the hearing.

Because the Goldhabers, in connection with an action previously filed by them and pending in Chittenden Superior Court, had obtained a court order preliminarily enjoining appellant from contacting them or their adoptive son, appellant, in addition to other requested relief, sought to enjoin preliminarily the prosecution of that case pending resolution of this action.[3] Consequently, coincident with the filing of the complaint, appellant moved for an order temporarily restraining the Goldhabers from litigating their state suit. This motion was argued before the district court on June 11, 1976 and denied at that time. Following this denial, each appellee moved to dismiss the complaint under Rule 12(b)(6), Fed.R.Civ.P.[4] On December 21, 1976, the day these motions were scheduled for oral argument before the district court, appellant requested and was granted leave to file an amendment to his previously amended complaint.[5]

By opinion and order dated February 22, 1977 Judge Coffrin granted the motions to dismiss, ruling that the second amended complaint failed to state a claim against any of the movants. Central to this appeal is the district court's determination that, as revealed by the record, appellant was accorded due and sufficient notice of the Massachusetts proceeding so as to confer *in personam* jurisdiction on the Middlesex Probate Court, *see Griffin v. Griffin*, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed.2d 635 (1946), and thus entitle its termination decree to full faith and credit by the Vermont authorities acting in accordance with relevant Vermont law, regardless of the validity of the legal principles on which the decree was based.[6] On April 21, 1977 Judge Coffrin declined to amend or alter his judgment under either Rule 52(b) or 59(e), Fed.R.Civ.P. After considering appellant's *pro se* assertions that the pleadings contained material errors of omission and inclusion, the district court properly ruled, *inter alia*, that having been continuously represented by counsel, appellant was bound by counsel's efforts on his behalf.

---

2. On June 11, 1976 the complaint was amended to substitute Joseph Handy as a defendant in place of Paul Philbrook, Vermont Commissioner of Social Welfare.

3. It was in this connection that Robert Polworth was named as a defendant in this action. *See* note 1 *supra*.

4. The Goldhabers additionally argued that dismissal pursuant to Rule 19(b), Fed.R.Civ.P., was appropriate for the failure and inability of appellant to join the Commonwealth of Massachusetts or an agency thereof as a party to this action. Judge Coffrin, in ruling on their motion, found it unnecessary to reach this contention.

5. *See* note 2 *supra*.

6. We need not decide the validity of the district court's determination that appellant's pleadings had failed to indicate that the Goldhabers had acted "under color of" state law within the meaning of 42 U.S.C. § 1983 or had participated with the State in illegally detaining their adoptive son so as to avail appellant of federal habeas corpus jurisdiction under 28 U.S.C. § 2241. The Massachusetts decree was jurisdictionally sound and thus entitled to full faith and credit in Vermont; there is no basis for concluding that appellant suffered a constitutional deprivation chargeable to any appellee or that custody over Dan Blum was being maintained illegally, even were habeas corpus relief otherwise available here.

The gist of appellant's position on appeal is that the district court erroneously failed to consider the claim of lack of notice of the Massachusetts termination proceedings contained in the second amended complaint. Indeed, the December 21, 1976 amendment alleged:

18. At no time was an evidentiary hearing held prior to the entry of the decree dispensing with Jay Blum's consent; and at no time was notice of any kind given or attempted to be given to Jay Blum of the [Massachusetts] Court's intention to issue said decree with or without a hearing.

This allegation, however, flies in the face of the following allegations, also incorporated in that amendment:

11. On November 27, 1973, Cambridge Family and Children's Services, successor to The Avon Home, filed a petition to place Dan for adoption without the consent of the father, Jay Blum, with the Middlesex County Probate Court, Docket No. 464808. Jay Blum was served with notice of said petition and was represented by counsel. (A copy of said petition is attached).

. . . . .

14. Final hearing on the petition was scheduled for April 4, 1974. Jay Blum did not appear at the hearing. He was previously advised by a psychiatrist, Harold Zeckel, who was his treating psychiatrist since on or about April 30, 1973, and who was prepared to testify that Jay Blum was a fit parent, that Blum had no chance to prevail at the hearing because, in his, Zeckel's, opinion courts were unreasonably biased against any natural parent who had undergone hospitalization for, and treatment of, a psychiatric condition. Zeckel, therefore advised Blum to kidnap his son in order to get custody of him. Jay Blum attempted to, but did not kidnap his son, but in despair left for Israel.

Construing appellant's pleadings liberally and drawing all reasonable inferences therefrom in his favor, as we must, see Rule 8(f), Fed.R.Civ.P.; *Jenkins v.*

*McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), it is clear to a certainty that appellant has raised no constitutional claim which would entitle him to relief. The lack of merit which would support dismissal of a complaint for legal insufficiency may consist of not only "an absence . . . of facts sufficient to make a good claim," but also "the disclosure of some fact which will necessarily defeat the claim." *De Loach v. Crowley's, Inc.,* 128 F.2d 378, 380 (5th Cir. 1942); 2A Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1975).

Appellant's admissions that he duly received notice, in which the purpose of the hearing was specifically stated, that he engaged counsel to represent him in that connection, and that he voluntarily absented himself from the Massachusetts proceedings on the scheduled hearing date negate and render untenable any claim that he failed to receive notice. Moreover, we note, as did the district court, that in his June 17, 1976 memorandum submitted in support of the issuance of a temporary restraining order, appellant concedes both the receipt and sufficiency of notice, as well as the acquisition of jurisdiction over himself and his son by the Massachusetts court. Thus, the record before the district court supports the conclusion that appellant was accorded due notice of the termination proceedings but voluntarily failed to appear.

Appellant alternatively argues that the district court failed to give appropriate weight to the applicability of *Alsager v. District Court of Polk County, Iowa,* 406 F.Supp. 10 (S.D.Iowa 1975), *aff'd* 545 F.2d 1137 (8th Cir. 1976) (per curiam), in construing the sufficiency of the notice in this case, notwithstanding appellant's acknowledgment that the notice he received was in no way defective. *Alsager* involved a due process challenge to Iowa state court proceedings which resulted in the termination of the Alsagers' parental relationship with five of their six children. In evaluating the adequacy of the notice of those proceedings, the court determined that although the

"best interests of the child" legal standard for termination was set forth in the notice, the failure to particularize the factual basis for the proposed termination rendered the notice constitutionally deficient. *Id.* at 24–25. Such is not the case here.

■ The Notice of the Massachusetts proceedings, incorporated into appellant's pleadings, not only recites the "best interests of the child" standard for termination found in Chapter 210 of the Massachusetts General Laws, but also states that Dan Blum was placed by appellant under the custody of The Avon Home on November 14, 1972, that temporary custody of the child was granted to The Avon Home on March 6, 1973, that Dan has continued under the care and custody of The Avon Home's successor since that time, and that, consequently, the best interests of Dan Blum require that he be placed for adoption without his father's consent thereto. Chapter 210, § 3(c) of the Massachusetts General Laws provides in pertinent part:

> If said child has been in the care of . . . a licensed child care agency for more than one year . . . there shall be a presumption that the best interests of the child will be served by granting a petition for adoption as permitted under paragraph (a) or by issuing a decree dispensing with the need for consent as permitted under paragraph (b).

Since the notice received by appellant and incorporated into his pleadings specifically apprised him of the fact that Dan had been in the care and custody of The Avon Home or its successor for more than one year, appellant's contrary claim that he, like the Alsagers, was not informed "of any specific facts which established that the best interests of Dan Blum required his adoption" (Amended Complaint ¶ 12) is groundless.

We thus find that appellant has failed to allege any cognizable constitutional claim which would render inappropriate the dismissal of his complaint.[7]

Affirmed.[8]

---

7. In so ruling, we need not reach appellant's contentions with respect to the granting of the Goldhabers' motion to dismiss. *See* note 6 *supra.*

8. Of course, nothing in our decision precludes any future inquiry by any state court of appropriate jurisdiction, acting according to state law, regarding Dan Blum's custody and best interests.