Paul NOVOSEL, Plaintiff,

v.

NORTHWAY MOTOR CAR CORP. and
General Motors Corporation,
Defendants.

No.78–CV–108.

United States District Court,
N. D. New York.

Oct. 24, 1978.

Maurice T. O'Connell, Valatie, N. Y., for plaintiff.

DeGraff, Foy, Conway & Holt-Harris, Albany, N. Y., for defendant General Motors Corp.; Frederick C. Riester, Albany, of counsel.

JAMES T. FOLEY, Chief Judge.

MEMORANDUM–DECISION and ORDER

This action presents what may be a question of first impression under 15 U.S.C. § 2301 *et seq.* [Consumer Product Warranties Act], popularly known as the Magnuson-Moss Warranty Act. Plaintiff, Paul

Novosel, has brought suit against defendants Northway Motor Car Corporation (Northway), an authorized Buick dealer with its principal place of business in Albany, New York; and, its franchisor, General Motors Corporation (GM). Ostensibly, jurisdiction is predicated solely upon 15 U.S.C. § 2310(d). Although it is alleged that defendant GM is a foreign corporation, plaintiff does not allege any other jurisdictional predicate to sustain this Court's subject matter jurisdiction.

The gravamen of the complaint, set forth in a single claim, is that defendants allegedly breached the express and implied warranties covering a new 1977 Buick automobile purchased by plaintiff; and, for which breach, plaintiff now seeks $9,638.55 in compensatory damages and $50,000 in punitive damages. It is plaintiff's request for punitive damages which raises a novel question under the Magnuson-Moss Warranty Act.

Presently before the Court is defendant GM's motion to strike plaintiff's claim for punitive damages upon the ground that the complaint fails to state sufficient facts warranting recovery of punitive damages; and, to dismiss the complaint for failure to state a claim upon which relief can be granted. The allegations of the complaint and the respective contentions of the parties are set forth below.

Plaintiff alleges that defendant GM engaged in an extensive sales promotion campaign for its 1977 model Buick automobile; that plaintiff purchased a 1977 Buick Regal automobile on April 21, 1977 for the purchase price of $6,148.55; that such purchase was made in reliance upon the express warranty furnished by GM and adopted by Northway, as well as reliance upon an implied warranty of merchantability; that such automobile, in fact, was not fit for the ordinary purposes for which it was to be used; that the automobile displayed numerous defects in mechanical operation and appearance; that such defects were pointed out to defendants Northway and GM; that defendants failed and refused to correct such defects although the automobile was returned to Northway on numerous occasions for service and repair; that finally the transmission locked in gear while the car was in plaintiff's garage; that defendant Northway refused to tow the automobile unless the plaintiff signed a general "release"; that plaintiff had the automobile towed to defendant Northway's premises at his own expense; and, that prior to the expiration of the warranty, plaintiff revoked his acceptance by surrender and transfer of the title certificate and registration to the defendant Northway.

Generally, in this motion the contentions of the respective parties focus upon the necessary technicalities of pleading specific averments upon which an award of punitive damages may be sustained. Plaintiff specifically urges that the absence of specific statutory authority in the Magnuson-Moss Warranty Act does not preclude the imposition of such an award.

## DISCUSSION

For the purposes of this litigation, the analysis necessarily begins with the critical limitations upon *federal jurisdiction* which are embodied in 15 U.S.C. § 2310(d)(3):

No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred (underscoring supplied).

An examination of the legislative history reveals that the purpose of these jurisdictional provisions is twofold: 1) to avoid trivial or minor actions being brought as class actions in the federal district courts; and, 2) to overcome the absence of an amount in controversy requirement in 28 U.S.C. § 1337, since the Magnuson-Moss Warranty Act is an act regulating commerce. H.R.Rep.No.1107, 93rd Cong., 2d

Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 7702, 7724. *See also Barnette v. Chrysler Corp.*, 434 F.Supp. 1167 (D.Neb.1977).

The Act and legislative history, however, are silent upon the question of whether exemplary and punitive damages may be considered with actual damages in order to exceed the requisite amount in controversy. Indeed, the act is virtually silent as to the amount and type of damages which may be awarded for breach of warranty. It is noted that the remedies set forth in 15 U.S.C. § 2304 are applicable only to "full" warranties. *See* 15 U.S.C. § 2303(a)(1).

▆▆ Given this circumstance, resort to the well-established rules governing the determination of the amount in controversy in jurisdictional statutes is essential. The cardinal rule was announced by the Supreme Court in the leading case of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938):

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

For the most part, this "legal certainty" test renders it difficult to secure dismissal of a case premised upon the failure to satisfy the jurisdictional amount. *See e. g., Moore v. Betit*, 511 F.2d 1004 (2d Cir. 1975). Nevertheless, the legal certainty standard is clearly applicable in those cases where recovery is limited by the terms of a contract, *e. g., Doucet v. Travelers Insurance Co.*, 362 F.2d 263 (5th Cir. 1966); where the governing law places limits upon the damages recoverable, *James v. Lusby*, 162 U.S.App. D.C. 352, 499 F.2d 488 (1974); and, where the amount demanded is merely *colorable* for the purpose of obtaining jurisdiction. *Arnold v. Troccoli*, 344 F.2d 842 (2d Cir. 1965). *See generally*, 14 Wright, Miller & Cooper, Federal Practice & Procedure § 3702 (1976).

▆▆ Bearing in mind that the determination of the amount in controversy is a federal question to be decided under federal standards, *see Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 352, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), it further appears to be well-settled that:

> [w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.

*Bell v. Preferred Life Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943). *Accord, Scott v. Donald*, 165 U.S. 58, 89–90, 17 S.Ct. 265, 41 L.Ed. 632 (1897); *Barry v. Edmunds*, 116 U.S. 550, 562–64, 6 S.Ct. 501, 29 L.Ed. 729 (1886); *James v. Lusby, supra*, 499 F.2d at 493; *DuPont Galleries, Inc. v. International Magne-Tape, Ltd.*, 300 F.Supp. 1179, 1180 (S.D.N.Y.1969). It is noted, however, that this general rule is subject to the earlier described limitations wherein: 1) certain damages may not be recoverable under the applicable law; and/or 2) the amount claimed is merely colorable for purposes of obtaining federal jurisdiction.

▆▆ In short, this Court holds that subject to the above limitations, a determination of the amount in controversy in actions maintained under 15 U.S.C. § 2310(d)(3)(B) must include consideration of both the actual and punitive damages to the extent claimed.

▆▆ The Court's task is somewhat difficult because the determination of the amount in controversy is inextricably tied to the merits of each case. Given this circumstance, it rests with the trial court, in the first instance, to strike the proper balance between two seemingly dichotomous policies. On the one hand, the federal courts should not entertain cases in which the jurisdictional claim is wholly without merit; but, on the other hand, in reaching that determination, the court should refrain from deciding the merits, and thereby deprive a litigant of a trial. *See Barry v. Edmunds, supra*, 116 U.S. at 559, 6 S.Ct. 501.

The initial area of inquiry requires an examination of the governing law to determine whether punitive damages are recoverable for breach of warranty. As previously noted, the Magnuson-Moss Warranty Act is silent on this issue; however, the Act does provide: 1) that implied warranty "means an implied warranty arising under State Law . . ." 15 U.S.C. § 2301(7); and, 2) that nothing in the Act "shall invalidate or restrict any right or remedy of any consumer under State law . . ." 15 U.S.C. § 2311(b)(1).

■ In my judgment, therefore, the applicable law for purposes of the proper measure of damages under this statute may be found by reference to New York law. I believe this approach is implicit in the following excerpt from the legislative history:

Warranties are currently governed by common law and the Uniform Commercial Code . . . In the jurisdictions where it [the UCC] is in effect, it generally controls the rights of parties in commercial transactions and it is commonly accepted as today's law of sales.

H.R.Rep.No.1107, 93rd Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News, pp. 7702, 7706.

■ In New York, the provisions of the UCC became effective in September 1964. The key provisions pertaining to the measure of damages recoverable for breach of warranty are §§ 2–714 and 2–715. Section 2–714 sets forth the general rule and the time-honored formula for damages in breach of warranty cases. Section 2–715 provides for the buyer's recovery of incidental and consequential damages. *See generally*, White & Summers, Uniform Commercial Code § 10 (1972). Nowhere in these provisions is there an indication that punitive damages are an element of recovery in breach of warranty cases. The absence of any such provision reflects the firmly established rule that punitive damages are generally not recoverable in contract actions. *Garrity v. Lyle Stuart, Inc.*, 40 N.Y.2d 354, 358, 386 N.Y.S.2d 831, 353 N.E.2d 793 (1976); *Schwartz v. Victory Container Corp.*, 294 F.Supp. 866, 868 (S.D.N.Y.1969).

■ A more difficult assessment arises in those instances where the amount claimed is merely colorable for purposes of obtaining jurisdiction. It is clear from a reading of the pertinent allegations of the complaint that plaintiff's sole basis for obtaining the necessary amount in controversy under the Magnuson-Moss Warranty Act is the claim for punitive damages. In such contexts:

the trial court is plainly not compelled to accept a claim of punitive damages, however, unwarranted, made for the purpose of conferring federal jurisdiction. Indeed, in computing jurisdictional amount, <u>a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages.</u> (underscoring supplied).

*Zahn v. International Paper Co.*, 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972), *affirmed*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1974).

Upon careful scrutiny of the claims made herein, it is my judgment that the factual allegations amount to nothing more than an ordinary breach of warranty which is unquestionably remediable under the appropriate provisions of the Uniform Commercial Code. *See generally Ford Motor Co. v. Mayes*, —— S.W.2d ——, (Oct. 10, 1978) (Ky. App.1978); *Cox Motor Car Co. v. Castle*, 402 S.W.2d 429 (Ky.1966); *LeBlanc v. Newman Comet-Lincoln Mercury, Inc.*, 6 Conn.Cir. 367, 273 A.2d 726 (1970); *Carretta v. Bud Jack Corp.*, 64 Misc.2d 689, 315 N.Y.S.2d 442 (Dis.Ct. Nassau 1970).

Moreover, the Magnuson-Moss Warranty Act also provides for concurrent jurisdiction in the State courts; however, plaintiff has not elected to sue in the State courts wherein the Act does not impose jurisdictional limits. 15 U.S.C. § 2310(d)(1)(A).

■ It is the plaintiff which always has the burden of showing that the district court has jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188–89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Here, the plaintiff has failed to make a preliminary showing that it could possibly recover

punitive damages; and, without them, the necessary jurisdictional amount cannot be exceeded. *Arnold v. Troccoli, supra,* 344 F.2d at 845.

 Finally, it is instructive to examine the particular averments of the complaint. In the first instance, there are no particular or general allegations pertaining to intentionally tortious conduct upon the part of the defendants. *See* Rule 9(b), Fed.R.Civ. Pro. It is recognized that federal rules and precedents further establish that a plaintiff's pleadings must be liberally construed; and, that all reasonable inferences arising therefrom must be drawn in his favor. Rule 8(f), Fed.R.Civ.Pro.; *Blum v. Probate Court of Chittenden County,* 575 F.2d 50, 53 (2d Cir. 1978).

However, traditionally, punitive damages may be awarded as:

" 'the proper punishment which belongs to . . . lawless misconduct.' . . . [where the] acts are not only illegal, but wanton, willful, malicious, and oppressive. . . . 'Whenever the injury complained of has been inflicted maliciously or wantonly, and with circumstances of contumely or indignity . .' [where] 'the act complained of was conceived in the spirit of mischief or of criminal indifference to civil obligations.' . . [and] 'for the sake of public example . . .' " (citations omitted).

*Barry v. Edmunds, supra,* 116 U.S. at 563–64, 6 S.Ct. at 508. There is no basis whatever to ascribe the above described conduct to the defendant or to reasonably infer it from the allegations of the plaintiff's complaint.

The concern here, frankly, is broader than any formal defect in the pleadings. The greater concern is not to permit unwarranted access to the federal courts in situations of this kind by the simple device of pleading punitive damages when the remedies in State court are available to fully and fairly compensate for the alleged breaches. *See Arnold v. Troccoli, supra,* 344 F.2d at 845; *DuPont Galleries, Inc. v. International Magne-Tape, Ltd., supra,* 300 F.Supp. at 1182.

In summary, for the above-stated reasons, it appears to me a legal certainty from a reading of the facts alleged in the complaint that plaintiff's claim is really for less than the jurisdictional amount of $50,-000 under the Magnuson-Moss Warranty Act. Defendant GM's motion to dismiss is not one under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendant Northway has not filed any motion attacking the complaint. Nevertheless, it is the obligation of the trial court to notice, on its own, want of subject matter jurisdiction. *Arnold v. Troccoli, supra,* at 844. Having so found, plaintiff's complaint must be and hereby is dismissed in its entirety against both defendants for lack of subject matter jurisdiction.

It is so Ordered.