Eddie T. BOYD and Joseph SMITH *v.*
Charles REDDICK and Dick TWIST

78-154                                    573 S.W. 2d 634

Opinion delivered December 4, 1978
(Division I)

*Thomas G. Montgomery,* for appellants.

*Hale, Fogleman & Rogers,* for appellees.

GEORGE HOWARD, JR., Justice. This is an appeal from a jury verdict, in an action by appellants claiming $16,450.00 for property damage to a 1973 Peterbilt tractor-trailer and $15,000.00 for personal injury, apportioning the negligence of appellants at 60% and appellee at 40%, resulting in no recovery for appellants.

For reversal, appellants have tendered the following points:

1. The evidence was insufficient to support the jury verdict in favor of the appellees.

2. The trial court erred in instructing the jury on AMI 503 (intervening proximate cause) under the facts of the case.

3. The trial court erred by instructing the jury on

AMI 902 (superior right of forward vehicle) under the facts of the case.

4. The trial court erred in refusing to give the appellants' proposed modification to AMI 901 (common law rules of the road).

5. The trial court erred in overruling the appellants' objection to appellees' violation of the collateral source rule.

The pertinent facts for a resolution of the issues are:

On January 8, 1975, appellant Boyd was driving a tractor-trailer rig, which was owned by appellant, Joseph Smith, in the inside lane, or the left-hand lane, of the eastbound traffic on Interstate Highway 55 east of West Memphis, Arkansas, while appellee, Charles Reddick, was operating a tractor-trailer rig in the right-hand lane, or the outside lane, of the eastbound traffic. According to Boyd, Reddick changed from the right lane to the left lane without signaling and then immediately applied his brakes causing the two vehicles to collide. On the other hand, Reddick testified that he had changed lanes to pass a slower moving automobile, which also changed lanes about the same time and the driver immediately applied her brakes causing Reddick to stop suddenly causing his tractor-trailer to strike the automobile in the rear; that within a matter of seconds, Boyd's tractor-trailer struck the rear of Reddick's tractor-trailer.

Appellee Reddick testified that the driver of the automobile left the scene immediately, but the impact between his tractor-trailer and the automobile broke the rear tail light assembly of the automobile and fragments of the tail light assembly were left on the bumper of his truck and on the surface of the highway. Appellant Boyd corroborated this by stating that he did see fragments of a tail light assembly as testified to by Reddick, but he did not see the automobile change lanes. Boyd also disputed the testimony of Reddick to the effect that after the impact of his tractor-trailer with the automobile, appellee Reddick removed his seat belt, opened the door of the cab of the truck and was in the process of exit-

ing the truck before the impact of Boyd's tractor-trailer with the rear end of Reddick's tractor-trailer.

Appellants' points for reversal shall be discussed in seriatim.

## I.

Here, appellants contend that the evidence is insufficient to support the jury's verdict in that it is undisputed that appellant Boyd was in the left hand lane at all times, prior to, during and after the collision, and that appellee Reddick has admitted changing lanes, and that this conduct was the direct and proximate cause of the accident.

It is well settled that if there is any substantial evidence to support a jury's verdict, this Court will affirm, while on the other hand, if the evidence is deficient or insubstantial, we are duty bound to reverse. But from this record before us, we cannot say that the evidence is not substantial, but on the contrary, is substantial and accordingly, we find no error. It must be remembered that Boyd and Reddick were the only witnesses having personal knowledge of the circumstances resulting in the collision. Both of these parties were interested in the results. Consequently, the jury was not duty bound to accept either party's testimony as being undisputed. Indeed, a fact question was presented for resolution by the jury. The jury heard the witnesses, observed their demeanor and conduct on the witness stand and, therefore, were in a better position to judge the credibility of the witnesses. The jury had the unfettered right to believe or disbelieve all or any part of the testimony of either party and had the further duty to resolve any conflicts or inconsistencies, whether real or apparent. Moreover, it must be remembered that in reviewing a verdict, we are to consider the evidence in the light most favorable to the party successful below.

## II.

The trial court gave the following AMI 503 instruction concerning intervening proximate cause:

"If, following any act or omission of a party, an

event intervened which in itself caused any damage, completely independent of the conduct of that party, then his act or omission was not a proximate cause of the damage."

Appellants objected to the instruction on the grounds that the proof in the case is inconsistent with the intervening proximate cause theory.

Appellants also argue that appellee Reddick was clearly negligent in the occurrence and that the jury assessed him 40% negligent; and that inasmuch as Reddick was negligent and that since the third party, if any, is not a party to the action, the trial court committed prejudicial error in allowing the jury to be instructed on intervening proximate cause.

We are persuaded that the proof in the case warranted the trial court in giving the instruction on intervening proximate cause. Reddick testified that he changed from the right lane to the left lane because traffic was backing up ahead of him; and that he looked into his rear view mirror and didn't see anything, switched on his left turn signal and proceeded from the right lane to the left lane; that a vehicle driven by a lady, ahead of him, suddenly changed from the right lane to the left lane and stopped suddenly. He also testified that he applied his brakes and his tractor-trailer slid into the rear of the automobile; that he put on his emergency parking, unfastened his seat belt, opened his left door, and then placed his left foot out of the door in order to exit the cab of his vehicle when he felt the impact of Boyd's tractor-trailer striking the rear of his tractor-trailer. On the other hand, Boyd testified that Reddick suddenly changed from the right lane to the left lane without giving a signal and that the right front corner of his tractor-trailer struck the left rear corner of Reddick's tractor-trailer.

Appellants cite our case *Gatlin* v. *Cooper Tire & Rubber Co.,* 252 Ark. 839, 481 S.W. 2d 338 (1972), in support of their argument that the instruction on intervening proximate cause was improper. We do not perceive *Gatlin* v. *Cooper Tire & Rubber Co.,* supra, as being applicable here. In *Gatlin,* the trial court gave the following instruction:

"Cooper Tire & Rubber Co. is in no way responsible to the plaintiff for any negligence of his employer, Oaklawn Farm, Inc., or any other third party which might have caused the accident for which he seeks to recover his damages. If you find that the claimed injuries of the plaintiff were the proximate result of the negligence of Oaklawn Farms, Inc., or any third party, then you must find for the defendant, Cooper Tire & Rubber Co."

In finding that the trial court committed error in giving this instruction, we stated that it was a binding instruction which did not make clear that the third party's negligence must be the sole proximate cause before a verdict for a defendant was required. We further emphasized that the negligence of a third party, not a party to the lawsuit, is no defense unless it is the sole proximate cause of the asserted damages and a plaintiff may recover, if the negligence of the named defendant was a contributing cause.

In the instant case, the trial court in addition to giving instruction AMI 503, also gave AMI 301, AMI 303 and AMI 501, the latter stating in part as follows:

"This does not mean that the law recognizes only one proximate cause of damages. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause."

It is clear that the jury was told that an intervening event completely independent of appellee Reddick's conduct which in itself caused any damage, then the act or omission of appellee Reddick was not a proximate cause of the damage; and the jury was further instructed that if the action of the third-party driver was not an intervening act completely independent of appellee Reddick, they could find more than one proximate cause of the damage and, if they found it, they might find that each cause was a proximate cause of the damage. We are convinced that the trial court properly instructed the jury on the question of intervening proximate cause and that it was within the province of the jury to determine whether appellee Reddick's conduct was a substantial factor in producing the damage complained of and whether a

reasonable man would have foreseen the possibility of the alleged intervening act.

We have reviewed *Rhoads v. Service Machine Co.*, 329 F. Supp. 367 (E.D. Ark. 1971), and conclude that the posture of the court relative to law on intervening causes as being foreseeable to the original actor or where his conduct substantially increases the likelihood of the occurrence does not conflict with the position that we take in this case.

### III.

In an effort not to unduly prolong this opinion, we deem it sufficient to state that we have reviewed appellants' argument to the effect that the trial court erred in giving instruction AMI 902 regarding the superior right of a forward vehicle and under the facts of this case, we find that the trial court did not err. Moreover, we are persuaded that appellants' objection to this instruction was in the nature of a general objection to the form of the instruction rather than a specific one.

### IV.

Here, the trial court gave instruction AMI 901 without modification. Appellants sought to modify paragraph c including the following:

> "It is not to be supposed that a driver of an automobile is required to drive at a rate of speed at all times as would enable him to stop immediately at any given time."

Appellants argue that "without the modification, a jury is free to apply the common misconception that one is also at fault if he strikes another from the rear, it is particularly unfair in its application to the facts of this case."

Appellants offered no explanation why instruction AMI 901 did not adequately state the law. We have emphasized that when an AMI instruction is applicable in a case, it shall be used unless the trial judge finds that it does not accurately state the law and in the event it is not used, the trial judge is

required to state his reasons for refusal. *See: Vangilder* v. *Faulk*, 244 Ark. 688, 426 S.W. 2d 821 (1968).

## V.

Finally, appellants argue that during the cross-examination of appellant Smith, counsel for appellee was permitted to question appellant with regard to how much was owed on the tractor-trailer to the finance company. As a consequence of the inquiry, the witness voluntarily responded that the insurance company "paid some money on it, paid it off."

Appellants objected and requested a cautionary instruction to the jury which the court gave admonishing the jury to disregard the response relating to the insurance company in view of the fact the money paid by the insurance company was not relevant or material in considering its verdict. It is obvious that the trial court acted in accordance with appellants' request. There was no motion for a mistrial and, accordingly, we find no error.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.