THOMAS AUTO CO., INC. *v.* James E. CRAFT and Alice R. Craft

88-200                                         763 S.W.2d 651

Supreme Court of Arkansas
Opinion delivered January 23, 1989

*Gregory & Smith, P.A..*, by: *Michael G. Smith*, for appellant.

*Sandra Tucker Partridge* and *James Swindoll*, for appellee.

DAVID NEWBERN, Justice. The appellees, James E. and Alice R. Craft, found defects in a car they purchased from the appellant, Thomas Auto Co., Inc. (Thomas). They returned the car and revoked their acceptance of it. Thomas refused to refund the purchase price. In their original and first amended complaints, the Crafts sought restitution of the purchase price plus incidental and consequential damages and, alternatively, damages for breach of warranty. They further amended their complaint to add a claim for damages for deceit. The trial court instructed the jury on both restitution based on revocation of acceptance and damages for misrepresentation. The jury awarded both as well as punitive damages. The primary issue presented concerns whether a rescinding party may obtain damages for misrepresentation in addition to restitution of the purchase price. We hold that the claimant may not have both a restitutionary award and compensatory damages for deceit. We also conclude that if the Crafts are ultimately awarded restitution

of the purchase price plus incidental and consequential damages, rather than damages for deceit, punitive damages may be awarded if the tort of deceit has been proven.

The Crafts contracted with Thomas to purchase a new Chrysler New Yorker automobile on August 30, 1986. The Crafts thought they were purchasing a new car, and, although there was no evidence that the car had been owned by any other purchaser from the dealer, it was clear that the car had been damaged and Thomas knew it but did not reveal the damages to the Crafts.

The Crafts first discovered a defect in the car's vinyl roof. Thomas attempted unsuccessfully to fix it, but ultimately ordered a new vinyl roof for the car. Then the Crafts discovered that the hood of the car had been repainted and there were dents on it elsewhere. They became completely dissatisfied with the car. They negotiated with Thomas to return the car, but Thomas refused to return the purchase price. The Crafts notified Thomas on December 16, 1986, of their revocation of acceptance. The car was returned to Thomas on December 30, 1986.

A salesman for Thomas testified that the hood of the car was repainted in the Thomas shop and that it was not uncommon for Thomas to decline to inform a purchaser of a purportedly new car that it had been damaged prior to the sale. Thomas presented evidence that new cars are sometimes defective when received by the dealer and that they are sometimes damaged while on the dealer's lot awaiting sale. No evidence was presented to show that the car was not new, in the sense that it had been previously purchased from the dealer or driven extensively by anyone other than the Crafts.

In instruction number ten, which was read to the jury, it was stated that

> If you [the jury] decide for James E. and Alice R. Craft against Thomas . . . on the question of damages with respect to the misrepresentation . . . you must fix the amount of money which will reasonably and fairly and adequately compensate the Crafts for . . . : The difference in the fair market value of the automobile as it is and as it was represented to be at the time of the sale.

Instruction number eleven was, in pertinent part, as follows: "If you decide for [the Crafts] . . . on the question of revocation of acceptance, you must then fix the amount of money which would refund the payment made plus the trade-in allowance on the automobile traded in by [the Crafts] . . . plus incidental and consequential damages incurred . . . ."

Instruction twelve permitted the jury to return punitive damages if they found Thomas knew or should have known its conduct, presumably that contemplated in instruction number ten, would result in injury to the Crafts and acted with malice or in reckless disregard of the consequences from which malice might be inferred.

After voicing his objection to instruction number ten on the ground that there was insufficient evidence to support the claim of misrepresentation, counsel for Thomas said:

> And for the additional reason that Court's Instruction Number 11 is presenting to the jury the option of additionally finding that the plaintiffs are entitled to revocation of acceptance, and therefore the three instructions together, 9, 10, and 11 in effect would authorize the jury to find that revocation was proper in this case and therefore, the plaintiffs were entitled to be made whole as they were on the date of the sale, and in addition, be allowed an additional sum for an alleged misrepresentation about whether or not the vehicle was new or not, when there's no evidence to show that it was anything other than a new vehicle.

> . . .

> Object to the form of instruction that permits the jury to find both compensatory damages for revocation of acceptance for misrepresentation and I object to the jury form that permits them to find punitive damages.

The verdict form, as executed by the jury, was as follows:

"We the jury find for Alice and James Craft in their claim against Thomas Auto Company, Inc., and assess damages as follows:

Revocation of Acceptance:

                          COMPENSATORY 18,102.08

Misrepresentation:          COMPENSATORY 2,100.00

                          PUNITIVE         6,000.00

                          SHELIA BLANKENSHIP

                          FOREPERSON"

Thomas moved for a new trial on the basis that it was error to give both the restitution instruction based on rescission and the damages instruction based on affirmance and the allegation of deceit, and that the result had been a double recovery.

### The objection

The Crafts contend the objection made to the instructions was not sufficiently specific and that it was only an objection stating there was insufficient evidence to show the car was anything other than a new car as it had been represented.

The objection was not only specific, it was right on the point which is being argued on appeal. Although counsel for Thomas threw in a remark about the insufficiency of the evidence to prove deceit, that did not detract from his making the exact point that the jurors should not be allowed to award both restitution and damages for deceit, as that would amount to a double recovery.

■■ If the instructions, taken together, were erroneous because they failed to tell the jury that restitution and damages could only be awarded in the alternative, the objection was sufficient to inform the trial court of the problem. An objection to an erroneous instruction is sufficient if it is timely and states a valid reason. Ark. R. Civ. P. 51; *Tandy Corp.* v. *Bone*, 283 Ark. 399, 678 S.W.2d 312 (1984). The rule requires a proffer of an instruction only when the objection is to the "failure to instruct on any issue."

■ While it might be argued that the court had failed to instruct on the "issue" of the alternative nature of the remedies available to the jury, and thus Thomas should have proffered an instruction on that point, we do not think that is the intent of the rule. We conclude that the "issues" contemplated by the rule

were, in this case, the ones on which instructions had been given, i.e., the Crafts' entitlement to revocation of acceptance and recovery for deceit.

### Double recovery

■ In response to Thomas's argument that the instructions permitted a double recovery, the Crafts contend that Ark. Code Ann. § 4-2-721 (1987) permits the court to submit the case on theories of rescission and affirmance simultaneously. That section provides:

> Remedies for material misrepresentation or fraud include all remedies available under this chapter for nonfraudulent breach. Neither rescission or a claim for rescission of the contract nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy.

Nothing in this section says one may recover both a restitutionary award based on rescission and damages for fraud. It is no more than a repudiation of the preliminary election of remedies doctrine. The fact that "claims" based on revocation of acceptance of goods or rescission (disaffirmance of contract) and deceit (contract affirmance) are not to be regarded as inconsistent does not mean that "recoveries" on both theories are to be permitted.

The Crafts cite *Ozark Kenworth, Inc.* v. *Neidecker*, 283 Ark. 196, 672 S.W.2d 899 (1984), for the proposition that one may recover both restitution of the purchase price and damages for deceit. In that case, there was evidence that the purchaser of a defective truck had attempted to revoke acceptance, however, no verdict form which would have permitted recovery on that theory was presented to the jury. The jury awarded damages for breach of warranty and fraud. We reversed the judgment because the court instructed only on "incidental" damages and did not tell the jury the measure of recovery for breach of warranty or for deceit. Clearly, it was not a case in which we approved a restitutionary award of return of the purchase price in addition to a damages award for the difference between the value of the truck as received and its value had it been as represented.

■ We need not discuss the cases from other jurisdictions cited by the Crafts except to say that in none of them was there a

recovery of both the purchase price, based on revocation of acceptance, and compensatory damages for deceit, thus giving the claimant both the benefit of the bargain and the benefit of rescission. Under no circumstances would we permit, over proper objection, both recoveries. Such a double recovery would be unconscionable.

While we might suspect that, had it been instructed properly, the jury might have awarded the Crafts their purchase price plus consequential and incidental damages only, we are in no position to say that would necessarily have been the result, thus we must reverse and remand the case for a new trial. Upon retrial, presumably the Crafts will elect between seeking to have the jury instructed on the law of revocation of acceptance and restitution, on the one hand, and the law of the tort of deceit on the other.

### Punitive damages

Thomas has argued that punitive damages may not be awarded except in conjunction with compensatory tort damages. The Crafts cite cases from other jurisdictions where, upon proof of fraud, punitive damages have been awarded in addition to a restitutionary award, despite the lack of an award of out of pocket or benefit of the bargain damages for fraud. *E.g., Hutchison* v. *Pyburn,* 567 S.W.2d 762 (Tenn. App. 1977). They argue specifically that the consequential or incidental damages awarded in this case by the jury in addition to the return of the purchase price constitutes actual or compensatory damages upon which punitive damages may be based. Cases decided in other jurisdictions so hold. *See, e.g., Fousel* v. *Ted Walker Mobile Homes, Inc.,* 602 P.2d 507 (Ariz. App. 1979); *Robinson* v. *Katz,* 610 P.2d 201 (N.M. App. 1980); *Z.D. Howard Co.* v. *Cartwright,* 537 S.W.2d 345 (Okla. 1975). In *Grandi* v. *LeSage,* 74 N.M. 799, 399 P.2d 285 (1965), punitive damages were allowed where the only other recovery was restitution of the purchase price of a misrepresented horse plus consequential damages.

We can think of no reason why punitive damages should not accompany a restitutionary award if there is proof of the elements of deceit as a basis of revocation of acceptance or extrajudicial rescission. The purpose of punitive damages is deterrence and punishment of wrongdoing. *Holmes* v. *Holingsworth,* 234 Ark. 347, 352 S.W.2d 96 (1961). *See Dongary*

*Holstein Leasing, Inc.* v. *Covington,* 293 Ark. 112, 732 S.W.2d 465 (1987). The decision of a buyer of goods to revoke acceptance and seek a return of the purchase price should not immunize the seller from punitive damages for which he might be liable if the buyer chose the alternative damages remedy.

The reason for requiring an ultimate election between restitution based on rescission and compensatory damages resulting from the tort of deceit is the prevention of a double recovery. D. Dobbs, *Remedies,* p. 634 (1973). That reason should not prevent a party whose action "sounds in contract" or is *"ex contractu"* from recovering punitive damages where the basis of rescission or revocation of acceptance is conduct which constitutes the tort of deceit.

■■■  We do not decide whether the evidence in the record before us now would support a deceit action or punitive damages. Punitive damages are available in a deceit action. *Moore Ford Co.* v. *Smith,* 270 Ark. 340, 604 S.W.2d 943 (1980). *Cf. Satterfield* v. *Rebsamen Ford Inc.,* 253 Ark. 181, 485 S.W.2d 192 (1972). Here we hold they are available also to a claimant whose claim based on rescission or revocation of acceptance results in restitution and consequential or incidental damages.

Reversed and remanded.