MICROSIZE, INC. *v.* ARKANSAS MICROFILM, INC.

CA 89-199 780 S.W.2d 574

Court of Appeals of Arkansas
Division II
Opinion delivered September 27, 1989

50

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.,* by: *Randel K. Miller;* and *Edwards, McCoy & Kennedy,* by: *J. Mark Ward,* for appellant.

*David H. Williams,* for appellee.

JAMES R. COOPER, Judge. The appellant, Microsize, Inc., sold the appellee, Arkansas Microfilm, Inc., some equipment referred to as Microsize equipment for a wholesale price of $33,850.00. The appellee paid $20,000.00 down on the equipment and agreed to pay the $13,850.00 balance at a later date. The appellee intended to sell the Microsize equipment to a third party, First National Bank of Conway, for approximately $40,000.00, from which the appellee expected to realize a profit of approximately $10,000.00. The equipment, however, failed to perform to the bank's satisfaction and was returned to the appellee. The appellee then demanded that the appellant take back its equipment and return its down payment of $20,000.00. The appellant refused, and the appellee filed suit. The appellant counterclaimed for the balance of the purchase price. The jury returned a verdict of $20,000.00 in favor of the appellee, but failed to specify whether or not the equipment was to be returned to the appellant. The appellant filed a motion to amend judgment or to grant a new trial to clarify the ownership of the equipment. After a hearing on October 5, 1988, the trial court denied the appellant's motion to amend the judgment or for a new trial. From that decision comes this appeal.

The appellant raises seven points on appeal that may be condensed to the argument of whether the trial court erred in failing to modify the jury verdict or, in the alternative, failing to grant the appellant a new trial. The appellant contends that the jury award of $20,000.00 for the appellee represented a finding by the jury that the appellee was entitled to revoke acceptance of the Microsize equipment it purchased from the appellee and return of its $20,000.00 down payment. The appellee argues the jury verdict represented damages for a finding of breach of contract and it is entitled to keep the equipment in addition to its

$20,000.00 judgment. The dispute arose as to the interpretation of the jury's verdict when the appellant sought the return of the equipment, and the appellee refused. The appellant then filed a motion requesting that the trial court clarify the jury verdict or grant a new trial, but the trial court refused. From our review, we find a new trial should be granted and reverse and remand.

In its complaint, filed August 13, 1986, the appellee pled revocation of acceptance and sought the return of its purchase price of $20,000.00. In an amendment to its complaint, filed February 12, 1987, the appellee pled rejection, revocation of acceptance, breach of warranty, and rescission, and prayed for judgment in excess of $10,000.00. Subsequent amendments filed by the appellee asserted the appellant's negligence as a claim for relief and requested damages of $50,000.00.

At trial, the parties strongly contested the alleged nonconformities of the equipment for the bank's purpose. Our review of the instructions submitted to the jury clearly shows that the jury was instructed under three alternative theories of recovery: revocation of acceptance, breach of warranty, and breach of contract. The jury returned the following verdict: "[w]e, the jury, find in favor of the plaintiff on his complaint against the defendant and assess damages in the sum of $20,000.00. We, the jury, find in favor of the plaintiff on the defendant's counterclaim."

On July 27, 1988, the appellant filed a Motion To Amend And Alter Judgment Or In The Alternative Grant A New Trial. In that motion, the appellant requested the court to "clarify the obvious result of law, which is that title to such equipment resorts back to [appellant] subject to a security interest therein in favor of [appellee] to secure payment of the judgment." On October 5, 1988, after a hearing on the appellant's motion, the court entered an order denying the appellant's request to amend the judgment or for a new trial.

The appellant argues that, since the jury awarded the appellee $20,000.00, which is the same amount that it had paid toward the purchase of the equipment, the only conclusion is that the jury found the appellee was entitled to revoke acceptance. Although we do not agree that this conclusion can be reached without resorting to speculation, we do agree that failure to

indicate whether the equipment was to be retained by the appellee or returned to the appellant rendered the jury verdict so ambiguous that the trial court erred in denying the appellant's motion for a new trial.

Arkansas Code Annotated Section 4-2-608 (1987) governs the remedy of revocation of acceptance under the Uniform Commercial Code. Although this section does not specifically state that the revoked goods are returned to the seller, the comments to this section (*see* Ark. Stat. Ann. Section 85-2-608 (Add. 1961)) assume the goods will be returned. Comment 6 states:

> Under subsection (2) the prior policy is continued of seeking substantial justice in regard to the condition of goods restored to the seller. Thus the buyer may not revoke his acceptance if the goods have materially deteriorated except by reason of their own defects. Worthless goods, however, need not be offered back and minor defects in the articles reoffered are to be disregarded.

Section 4-2-608 (1987) also states that a buyer who revokes acceptance has the same duties with regard to the goods as one who has rejected them. Section 4-2-602 (1987) states in part that, after rejection, any exercise of ownership by the buyer is wrongful as against the seller, and if the buyer has taken physical possession of the goods before rejection, he is under a duty after rejection to hold them with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them. Moreover, section 4-2-711(3) provides that:

> On rightful rejection or justifiable revocation of acceptance a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care, and custody and may hold such goods and resell them in a like manner as an aggrieved seller (section 4-2-706).

The comments to this section (*see* Ark. Stat. Ann. Section 85-2-711 (Add. 1961)) also provide:

> Despite the seller's breach, proper retender of delivery under the section on cure of improper tender or

replacement can effectively preclude the buyer's remedies under this section, except for any delay involved.

2. To make it clear in subsection (3) that the buyer may hold and resell rejected goods if he has paid a part of the price or incurred expenses of the type specified. "Paid" as used here includes acceptance of a draft or other time negotiable instrument or the signing of a negotiable note. His freedom of resale is coextensive with that of a seller under this Article except that the buyer may not keep any profit resulting from the resale and is limited to retaining only the amount of the price paid and the costs involved in the inspection and handling of the goods. The buyer's security interest in the goods is intended to be limited to the items listed in subsection (3), and the buyer is not permitted to retain such funds as he might believe adequate for his damages.

If it was the jury's intent to award the appellee damages for revocation of acceptance of the Microsize equipment, then the appellant correctly argues that it is entitled to return of the equipment subject to the appellee's security interest for its $20,000.00 down payment. The appellee asserts that, although it pursued alternative remedies in its pleadings, only breach of warranty and contract claims were submitted to the jury, and the jury was justified in awarding the $20,000.00 figure. This interpretation cannot be affirmed, however, because under either of the appellee's alternative theories, the appellee would not have been entitled to a damage award of the $20,000.00 plus the retention of the equipment.

Under a breach of warranty theory, the measure of damages is the difference in value of the goods received and the value as warranted. Ark. Code Ann. § 4-2-714(2) (1987); *Ozark Kenworth, Inc.* v. *Neidecker*, 283 Ark. 196, 204, 672 S.W.2d 899, 904 (1984). The only evidence presented as to the value of the equipment in the case at bar was a statement by Harold Parks, owner of the appellee, that he did not have any idea what the market value or market price of the Microsize equipment was at the time of trial but the value of it was pretty close to retail in 1985 when it was new. Since this was the only evidence presented, there was insufficient evidence to support a jury award of $20,000.00

for breach of warranty. A buyer cannot recover his down payment under a breach of warranty claim. *Ford Motor Credit Co.* v. *Harper*, 671 F.2d 1117 (8th Cir. 1982).

Although the $20,000.00 jury award could represent the buyer's incidental and consequential damages pursuant to section 4-2-715, the only evidence of these damages was testimony that the appellee could have realized a $10,954.00 profit on the sale of the equipment and that the appellee incurred expenses of $600.00 to $750.00 for its employees' traveling back and forth between Conway. These damages fall far short of the $20,000.000 awarded.

The appellee also pled breach of contract as a theory for relief, and the jury was instructed as follows:

*Instruction No. 22*

If you decide for [appellee] on the question of liability against [appellant] for breach of contract, you must then fix the amount of money which will reasonably and fairly compensate [appellee] for the following three elements of damage:

First: Any purchase price paid; plus

Second: Any loss of profits; plus

Third: Any other reasonably forseeable [sic] damages.

Whether either of these three elements of damage has been proved by the evidence is for [the jury] to determine.

This instruction was given over the appellant's objection, who argued it was a common law remedy and the appellee's cause of action was controlled by the Uniform Commercial Code. Although the appellant is correct that this instruction was erroneously given, he has not argued this point on appeal, and therefore, this court must consider the verdict in light of the instructions given. *See Dickson* v. *Delhi Seed Co.*, 26 Ark. App. 83, 96, 760 S.W.2d 382, 290 (1988).

Arkansas Code Annotated § 4-2-714(1) (1987) provides: "[w]here the buyer has accepted goods and given notifica-

tion (Section 4-2-607(3)) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable." This section was formerly codified as Ark. Stat. Ann. Section 85-2-714(1) (Add. 1961). The comments to this section state in part:

> The section on deduction of damages from price provides an additional remedy for a buyer who still owes part of the purchase price, and frequently the two remedies will be available concurrently. The buyer's failure to notify of his claim under the section on effects of acceptance, however, operates to bar his remedies under either that section or the present section.

> 2. The "non-conformity" referred to in subsection (1) includes not only breaches of warranties but also any failure of the seller to perform according to his obligations under the contract. In the case of such non-conformity, the buyer is permitted to recover for his loss "in any manner which is reasonable."

The code does not describe what reasonable damages are, but in *Ford Motor Credit Co.* v. *Harper*, *supra*, the buyer was allowed to cancel the contract and recover his down payment because of the failure of the seller to perform according to his obligations under the contract. The court stated:

> The concept of nonconformity "includes not only breaches of warranties but also any failure of the seller to perform according to his obligations under the contract." Ark. Stat. Ann. Section 85-2-714, Comment 2. It is thus apparent that breach of warranty and nonconformity are not entirely congruent concepts; the former being a subset of the latter.

671 F.2d at 1122. *Ford Motor Credit*, however, can be distinguished from the case at bar because, in *Ford Motor Credit*, the seller had possession of the equipment at the time the buyer brought suit, whereas here, the appellee buyer has retained possession of the equipment.

The total amount of damages to which the appellee testified was anticipated lost profits of approximately $10,000.00

and $750.00 in travel expenses. Not only was the appellee awarded the return of his $20,000.00 down payment, but it has also been allowed to keep equipment with a wholesale value of $33,850.00.

> In speaking of the rights of a buyer to recover damages for breach in regard to accepted goods, the *American Law Institute* pamphlet on *Sales and Bulk Sales* by *Williams D. Hawkland*, contains this language:
>
> . . . .
>
> "We have seen that a buyer who has accepted nonconforming goods does not have an absolute defense to the seller's action for the price if the acceptance has barred his right to revoke his acceptance. His redress, assuming he is not completely barred by lack of proper notice or by agreement, is an action or counterclaim for damages or a recoupment from the price. The recoupment remedy is set out in section 2-717. Under this section, a buyer on notifying the seller of his intention so to do may deduct all or any part of the damages resulting from any breach from any part of the price still due.

*Jones* v. *Atkins*, 254 Ark. at 475-77, 494 S.W.2d at 450-51. The appellee argues that breach of contract and warranty claims were submitted to the jury and the $20,000.00 award could easily represent the difference between the price the appellee paid and the value of the equipment. However, if the jury intended to award the difference in the value of the equipment and the amount the appellee paid for the equipment, the award should have gone to the appellant. Instead, it went to the appellee, who kept the equipment, for which the appellant has not been fully paid, and, in addition, received a damage award of $20,000.00, when the undisputed evidence of its damages could at best total only $11,704.00. Under a breach of contract remedy, these damages would have to be offset against the remaining purchase price of the equipment. "[I]f the buyer does not reject the goods or timely revokes acceptance, he will be obligated to pay the balance due on the contract price and will be limited to the recovery of damages for breach of warranty." H. Brill, *Arkansas Law of*

*Damages* Section 30-10 at 447 (1984), relying on Ark. Stat. Ann. Section 85-2-714, *Jones v̇. Atkins,* 254 Ark. 472, 476, 494 S.W.2d 448, 450 (1973).

■ The appellant correctly argues that, although the appellee submitted its case on different theories of relief under the Uniform Commercial Code, the appellee may only recover under one theory. For this proposition, it cites *Ford Motor Credit Co* v. *Harper, supra.* In *Ford Motor Credit,* the appellee, Harper, sought cancellation of his contract to purchase a tractor, return of his down payment, and consequential damages. At the conclusion of the trial, the trial court found there had been a material breach of warranty by the appellant, the contract was declared cancelled, and judgment was entered for Harper for the full amount of his down payment. On appeal, the 8th Circuit Court of Appeals stated:

> At the outset we shall attempt to separate two distinct strands of buyer's remedies under the Code-revocation of acceptance and recovery of damages for breach of warranty—that have been erroneously intertwined by the district court. Under the Code, once goods are accepted buyer is entitled to cancel the contract and recover so much as has been paid only upon establishing that he has justifiably revoked his acceptance. Ark. Stat. Ann. Section 85-2-711. The Code also provides that buyer may recover damages in a suit for breach of warranty in regard to accepted goods. Ark. Stat. Ann. Section 85-2-714. The two options are nonalternative in character and buyer may pursue either remedy or both. Ark. Stat. Ann. Section 85-2-608, Comment 1. They are, however, separate remedies treated in entirely different sections of the Code and they offer separate forms of relief. Accordingly, it does not follow from the district court's legal conclusion of breach of warranty that Harper was entitled to cancellation of the contract and recovery of his down payment.

671 F.2d at 1121 (citations omitted).

In *Ozark Kenworth, Inc.* v. *Neidecker, supra,* the appellee, Neidecker, purchased a truck which was represented as a 1978 model from the appellant. Neidecker later discovered the truck was composed of a 1975 or 1976 engine, a 1971 frame, and a 1978

cab. Neidecker had paid $10,500.00 toward the purchase of the truck but, after discovery of the misrepresentation, made all future payments to an escrow account. He also continued to use the truck and incurred $13,388.00 in repair bills. The appellant repossessed the truck, and Neidecker brought suit for fraud and breach of warranty. The jury awarded Neidecker $10,500.00 for breach of express warranty and $13,888.00 for fraud and misrepresentation. On appeal, the Supreme Court held it was proper to refuse to direct a verdict for the appellant under revocation of acceptance where the jury could have found that Neidecker's use of the truck after discovering it had been misrepresented was reasonable. The Court went on to state:

> A problem remains, however, on the issue of revocation, the result of a purely mechanical error, but one which prevented all of Neidecker's damages from being properly presented to the jury. The jury was instructed on what was required to revoke acceptance and that if such revocation were found the buyer could recover so much of the purchase price as had been paid. However, there was no verdict form supplied on which the jury could record such a finding and make an award for recovery of money paid. The $10,500 awarded for breach of warranty suggests that the jury did find revocation as that was the exact amount Neidecker prayed for in his complaint that had been paid to Kenworth. But we can neither make that assumption nor can we correctly hold, as was discussed above, that *any* award was proper under the breach of warranty claim for want of proof. We therefore remand the case for a determination on the issue of revocation and what damages are recoverable if justifiable revocation is found.

*Ozark*, 283 Ark. at 205, 672 S.W.2d at 905.

In *Thomas Auto Co.* v. *Craft*, 297 Ark. 492, 763 S.W.2d 651 (1989), the appellees attempted to use the *Ozark* case for the proposition that they were entitled to damages for revocation of acceptance and damages for fraud. The Supreme Court stated:

> The Crafts cite *Ozark Kenworth, Inc.* v. *Neidecker*, 283 Ark. 196, 672 S.W.2d 899 (1984), for the proposition that one may recover both restitution of the purchase price and damages for deceit. In that case, there was evidence

that the purchaser of a defective truck had attempted to revoke acceptance, however, no verdict form which would have permitted recovery on that theory was presented to the jury. The jury awarded damages for breach of warranty and fraud. We reversed the judgment because the court instructed only on "incidental" damages and did not tell the jury the measure of recovery for breach of warranty or for deceit. Clearly, it was not a case in which we approved a restitutionary award of return of the purchase price in addition to a damages award for the difference between the value of the truck as received and its value had it been as represented.

We need not discuss the cases from other jurisdictions cited by the Crafts except to say that in none of them was there a recovery of both the purchase price, based on revocation of acceptance, and compensatory damages for deceit, thus giving the claimant both the benefit of the bargain and the benefit of rescission. Under no circumstances would we permit, over proper objection, both recoveries. Such a double recovery would be unconscionable.

*Thomas*, 297 Ark. at 497-98, 763 S.W.2d 654.

Thus, in the case at bar, the appellee would not have been allowed the return of its purchase price in addition to retaining the equipment under a breach of contract or breach of warranty theory. Furthermore, despite the appellee's argument that its claim for damages was only submitted on breach of contract and warranty theories, the jury instructions given show that the case was also submitted to the jury on a revocation theory.

In sum, because the verdict rendered by the jury in the case at bar was a general verdict form, it is impossible to positively ascertain the jury's intention in awarding the appellee $20,000.00. It seems reasonable to conclude that the jury was trying to return each party to status quo, especially in light of the speculative nature of the appellee's evidence relative to its entitlement to anticipated lost profits; however, this would be mere speculation on our part, and this Court cannot speculate on how the jury arrived at its award. *Hubbard* v. *Jackson*, 298 Ark.

93, 97, 766 S.W.2d 2, 4 (1989). The jury's award of $20,000.00 added to the appellee's retention of the equipment, which it admits in its brief has a market value of $40,000.00, far exceeds any damages suffered by the appellee and is not supported by the evidence. On review of a trial court's denial of a motion for a new trial, the appellate court determines only if the verdict is supported by substantial evidence. *Barham* v. *Rupert Crafton Comm'n Co.*, 290 Ark. 211, 213, 718 S.W.2d 432, 433 (1986); *Ferrell* v. *Whittington*, 271 Ark. 750, 751, 610 S.W.2d 572, 573 (1981). Because the verdict is not supported by the evidence, this case is reversed and remanded for new trial.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.