WHEELER MOTOR COMPANY, INC. *v.* Richard ROTH and Carolyn Fontneau, Husband and Wife

93-496                                                867 S.W.2d 446

Supreme Court of Arkansas
Opinion delivered December 13, 1993

*Smith Law Firm*, by: *Truman H. Smith*, for appellant.

*Lingle & Corley*, by: *James G. Lingle* and *Ella A. Maxwell*, for appellees.

DONALD L. CORBIN, Justice. Appellant, Wheeler Motor Company, Inc., appeals a judgment of the Washington Circuit Court awarding $18,000.00 in damages to appellees, Richard Roth and

Carolyn Fontneau. The jury's award included $8,000.00 in damages for rightful revocation, representing payment of the cost of the automobile, and $10,000.00 in punitive damages. For reversal, appellant argues the jury's findings that (1) appellant deceived appellee, (2) appellee rightfully revoked acceptance, and (3) both restitution and punitive damages were warranted are not supported by substantial evidence.

After the jury entered its verdict, appellant filed post-trial motions seeking a new trial or in the alternative judgment notwithstanding the verdict. Appellees filed post-trial motions seeking attorney's fees and prejudgment interest. The trial court denied all these post-trial motions. It is from these rulings that each party appeals. The judgment is affirmed.

Appellees purchased a 1988 Volkswagen Fox GL from appellant on October 2, 1989. The vehicle was the last 1988 model on hand. At purchase, the price was $8,000.00, down from the $9,813.00 sticker price. It is undisputed that appellees were the first owners of the vehicle, but the car had been test driven 590 miles. The key ring submitted into evidence indicated that the car was "new" as did the sales contract. Within the first two weeks after purchase, the right front tire developed an "aneurysm," and the steel belt burst through the tread. Other problems developed during the 23 months appellees drove the car. Each was repaired by appellant. The right front fender was found to have a crack in it, and the right headlight became loose. Noise emitted from the right front suspension. The right speaker blew out. Other mechanical problems existed shortly after buying the car from appellant, and these problems persisted throughout its use. Appellees asserted that they purchased the car believing it was undamaged and that this misrepresentation constituted deceit and breach of warranty.

A copy of the sales order reflected only that a crack in the paint approximately two inches long existed on the tip of the left front fender. This was noted on the sales order after appellees examined the exterior of the car. No other damage is explained or evidenced in this document.

The testimony diverges as to whether appellees were informed of the prior damage to the right front of the car during

a demonstration drive prior to purchase. Appellant maintains appellees were made aware of the prior damage to the right front of the vehicle. Appellees denied they were made aware of this fact.

## I. DIRECT APPEAL

We observe that a motion for a directed verdict is a condition precedent to moving for a judgment notwithstanding the verdict. ARCP Rule 50(b). A motion for judgment notwithstanding the verdict is technically only a renewal of the motion for directed verdict made at the close of the evidence. *Dodson Creek, Inc.* v. *Fred Walton Realty Co.*, 2 Ark. App. 128, 620 S.W.2d 947 (1981).

In each of the substantive arguments asserted by appellant, it states the lower court erred in refusing to grant a directed verdict and abused its discretion in not granting a new trial or judgment notwithstanding the verdict asserting lack of substantial evidence with regard to deceit, revocation of acceptance, and the award of punitive damages.

It is a well-settled rule that this court will affirm sufficiency of the evidence cases if there is "any substantial evidence to support a jury's verdict." *Boyd* v. *Reddick*, 264 Ark. 671, 675, 573 S.W.2d 634, 637 (1978). In determining whether substantial evidence exists, we have stated that we will rely upon two crucial principles to avoid invading the province of the jury. First, the court will consider only the evidence favorable to the successful party below, and second, the court will defer to the jury's resolution of the issue unless we can say that there is no reasonable probability to support the version of the successful party below. *Love* v. *H.F. Constr. Co.*, 261 Ark. 831, 552 S.W.2d 15 (1977).

### A. Deceit

Appellant argues that there was no false representation and that appellees were aware of the prior damage to the car before they purchased it. Appellant maintains that this was the reason for the lowered selling price. Appellees argue that appellant never mentioned any prior collision.

■■ Deceit consists of five elements which must be proven by a preponderance of the evidence: (1) a false representation of a material fact, (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation, (3) intent to induce action or inaction in reliance upon the representation, (4) justifiable reliance, and (5) damage suffered as a result of that reliance. *Nicholson* v. *Century 21 Ivy Realty Inc.*, 307 Ark. 161, 818 S.W.2d 254 (1991). In cases of deceit the credibility of the witnesses is vital in determining liability, and the trier of fact is the sole judge of credibility and the weight and value attributed to evidence. *Id.*

In a case similar to the present one, a car buyer testified as to the salesman's representations and stated that he believed the salesman, relied on his statements, and expressed the importance that there was no damage to the frame in his purchase of the car. *Lancaster* v. *Schilling Motors, Inc.*, 299 Ark. 365, 772 S.W.2d 349 (1989). This court found sufficient reliance by the buyer in *Lancaster* to support a claim for deceit.

■ In this case the jury heard and observed the witnesses, judged their credibility, and weighed the evidence submitted. Appellees testified that they would never have purchased the car had they known it had been wrecked. The jury apparently did not deem appellant's testimony credible. We should state here that when evidence is disputed, a motion for judgment notwithstanding the verdict should be refused. *Lancaster*, 299 Ark. 365, 772 S.W.2d 349. As the evidence was disputed in the instant case, we could end our discussion here. However, even beyond that statement and considering the evidence presented, we cannot say substantial evidence does not exist to support the judgment finding deceit.

## B. Revocation of Acceptance

■■ Appellant argues there was not substantial evidence to support the jury's finding that appellees rightfully revoked acceptance of the car. We must recognize that the attorneys and court below used the terms "revocation" and "rescission" interchangeably. Though rescission of a contract is an equitable remedy, the right of restitution after rescission can be and has been asserted along with allegations of breach of warranty and the tort

of deceit under the jurisdiction of circuit court. *Walt Bennett Ford, Inc.* v. *Smith*, 314 Ark. 591, 864 S.W.2d 817 (1993); *Thomas Auto Co.* v. *Craft*, 297 Ark. 492, 763 S.W.2d 651 (1989). An award of restitution for valid revocation in addition to punitive damages is acceptable if the elements of the tort of deceit are proven. "With the contemporary concern chiefly to avoid duplicated remedies, some courts have flatly said that restitution and punitive damages should be permitted." Dan B. Dobbs, *Law of Remedies*, § 9.4 (2d ed. 1993) citing *Thomas Auto*, 297 Ark. 492, 763 S.W.2d 651.

Ark. Code Ann. § 4-2-608 (1987) explains revocation of acceptance:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

(a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonally cured; or

(b) Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Appellees drove this car just under two years when on August 16, 1991, they attempted to revoke acceptance of the car and return the vehicle by a letter sent from their attorney to the dealership. This letter was precipitated by appellees' discovering that the paint on the front was not original and subsequently learning that the car had been in a collision. Their dis-

covery came in the summer of 1991 when paint came off after visiting a car wash, revealing primer which was not Volkswagen primer. Appellees testified that this was a substantial impairment to the value of the car since they would not have purchased the car if they had known it had been wrecked. Appellees then contacted their attorney to revoke acceptance and obtain a refund of the purchase price. The pertinent language of the August 16, 1991 letter is as follows:

> THIS LETTER IS A SERVICE NOTICE TO YOU THAT THE "RETAIL INSTALLMENT CONTRACT" DATED 02 OCTOBER 1989 BETWEEN MY CLIENTS AND WHEELER MOTOR COMPANY, INC. IS HEREBY RESCINDED.
>
> The 1988 Volkswagen Fox which you sold to them was sold as a new vehicle. The vehicle was not in fact new, and had previously been wrecked and repainted. As you know, they have [had] nothing but trouble with the car since it's [sic] purchase.
>
> They hereby tender the vehicle back to you. They will deliver it to your lot or wherever you request. I ask that you provide me with instructions as to the time and place of delivery. They will make no further payments on the contract, and all payments made under the contract.

The thrust of appellant's argument is that they informed appellees of the prior damage and that appellees, in effect, "sat" on this information to the detriment of appellant. Revocation of acceptance must occur within a reasonable time after discovering the grounds for revocation. A "reasonable time" depends upon the nature, purposes, and circumstances of the action or inaction. *Hughes* v. *Brown*, 1 Ark. App. 171, 613 S.W.2d 848 (1981). What constitutes a non-conforming delivery and what constitutes a reasonable time within which to revoke acceptance depends upon the facts of the case, and this will not be disturbed if substantial evidence exists. *Frontier Mobile Homes Sales, Inc.* v. *Trigleth*, 256 Ark. 101, 505 S.W.2d 516 (1974). The jury found appellees more credible. Viewing the testimony in the light most favorable to appellees, we cannot say the jury's verdict is not supported by substantial evidence.

## C. Punitive Damages

Lastly appellant argues that it was error to award punitive damages to appellee, or that in the alternative there was not substantial evidence to support the award of punitive damages. We disagree. We have held that punitive or exemplary damages are proper when "there is an intentional violation of another's right to his property." *Stein* v. *Lukas*, 308 Ark. 74, 77, 823 S.W.2d 832, 834 (1992). Further this court has held that punitive damages are available in cases of misrepresentation or deceit. *Id.; see also Walt Bennett* v. *Smith*, 314 Ark. 591, 864 S.W.2d 817 (1993); *Thomas Auto*, 297 Ark. 492, 763 S.W.2d 651. One must be determined to have acted wantonly causing injury or acted with conscious indifference to the consequences such that malice may be inferred. *Id.*

The purpose of punitive damages is to deter and punish the wrongdoer. One cannot recover punitive damages if the sole cause of action is based in contract. However, one should not be prevented from receiving punitive damages in a contract action where the basis of revocation or rescission is conduct constituting the tort of deceit. Punitive damages are available in a deceit action even if restitution rather than compensatory damages is awarded. *Thomas Auto*, 297 Ark. 492, 763 S.W.2d 651. In the instant case, the instruction on revocation of acceptance stated that recovery for revocation of acceptance would be the purchase price, and this restitutionary award was given.

We clearly stated in Thomas:

> We can think of no reason why punitive damages should not accompany a restitutionary award if there is proof of the elements of deceit as a basis of revocation of acceptance or extrajudicial rescission. The purpose of punitive damages is deterrence and punishment of wrongdoing.

*Id.* at 498, 763 S.W.2d at 654. The $10,000.00 in punitive damages was awarded to deter or punish wrongful conduct, here, deceit. Since the jury found that appellant had deceived appellees, we cannot say the jury's award of punitive damages was improper.

Finally, appellant argues in its brief that the award of punitive damages was grossly excessive and was the result of passion on the part of the jury. We find no merit in this argument. When considering such a question, we must decide whether the award of damages is so great as to shock our conscience. *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W.2d 518 (1972). When considering the amount of punitive damages and its purpose to deter, the following language was deemed instructive in the *Ray Dodge* case and is instructive here as well:

> The amount of actual damages sustained by a plaintiff is one indication of the culpability of the defendant's acts, but it cannot be the sole criterion for the assessment of punitive damages. Also relevant is the prospective deterrent effect of such an award upon persons situated similarly to the defendant, the motives actuating the defendant's conduct, the degree of calculation involved in the defendant's conduct, and the extent of the defendant's disregard of the rights of others. These are legitimate concerns of the law, and the application of any fixed arithmetic ratio to all cases in which punitive damages are assessed would be arbitrary.

*Id.* at 1046, 479 S.W.2d at 524 (citing *Boise Dodge, Inc.* v. *Clark*, 453 P.2d 551 (Idaho 1969)). To deter such business enterprises from deceiving consumers in the future, we cannot say that $10,000.00, in addition to the price of the car, $8,000.00, shocks our conscience.

## II. Cross Appeal

### A. Attorney's Fees

In enumerated civil actions attorney's fees may be awarded. Ark. Code Ann. § 16-22-308 (Supp. 1989). The pertinent language in the statute is as follows:

> In any civil action to recover on . . . contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party

*may* be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

(Emphasis added.) The award of attorney's fees is permissive and falls within the discretion of the trial court. *Chrisco* v. *Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). Absent abuse of discretion the trial court should be upheld. When the prevailing party's claim is based in tort, an award of attorney's fees cannot be justified under section 16-22-308. *Mercedes-Benz Credit Corp.* v. *Morgan*, 312 Ark. 225, 850 S.W.2d 297 (1993). This case was submitted to the jury on alternate theories, both contract and tort. Special interrogatories were submitted. The jury instruction with regard to revocation of acceptance authorized an award in the amount of the purchase price. The jury instruction with regard to breach of contract set damages as the difference between the value of the car as warranted and the value of the car as received. Because the jury gave appellees an award in the amount of the purchase price, it must have based its award on restitution for revocation. This rests in tort. The jury obviously found deceit which formed the basis of revocation and the restitutionary award. We cannot say the trial judge erred in declining to award attorney's fees. *See Stein*, 308 Ark. 74, 823 S.W.2d 832.

### B. Prejudgment Interest

The trial judge denied prejudgment interest based upon a determination that the damages were inexact and uncertain at the time of the loss. Damages were not ascertainable until the jury rendered its special verdict awarding restitution and punitive damages. The judgment was clearly tort based. We recognize that if damages cannot be ascertained at the time of the loss, prejudgment interest should not be allowed. *City of Fayetteville* v. *Stanberry*, 305 Ark. 210, 807 S.W.2d 26 (1991).

To award prejudgment interest and punitive damages would offend our historical reluctance to award prejudgment interest in tort cases because the damages were not ascertainable as to time and amount. *See e.g. Members Mut. Ins. Co.* v. *Blissett*, 254 Ark. 211, 492 S.W.2d 429 (1973); *Southern Farm Bureau Casualty Ins. Co.* v. *Hardin*, 233 Ark. 1011, 351 S.W.2d 153

(1961). We cannot say the trial court erred in denying pre-judgment interest.

Affirmed.