[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO ATTORNEY TRIAL REFEREE'SREPORT
CT Page 125-GG
This is an action instituted by the plaintiff, Laurie Bishop, against the defendant, Stevens Ford, Inc., alleging breach of express and implied warranties arising from the plaintiff's purchase of a used automobile from the defendant. The plaintiff has also asserted a claim under the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S § 42-110a et. seq.
The case was heard by Attorney Trial Referee ("ATR") G. Kenneth Bernhard in May, 1996, who issued a decision in favor of the plaintiff. Pending before the court is the defendant's objection to the ATR's report. In this objection, the defendant is not contesting the subordinate facts found by the ATR, but as explained below, objects to certain factual and legal conclusions made by the ATR based on the subordinate findings. See P.B. § 440. Thus, the basic facts found by the ATR will be accepted by the court and will only be summarized here, although as discussed below, the Court rejects certain of the ATR's final conclusions based on these findings. See Practice Book §§ 428, 430.
On January 19, 1993, the plaintiff purchased a motor vehicle from the defendant for $5,393.94. The car was sold with an express limited warranty which applied for 60 days or 3,000 CT Page 125-HH miles, whichever occurred first. Almost immediately after the purchase, plaintiff began to have problems with the vehicle. On February 25, 1993, the plaintiff took the vehicle to a mechanic who determined that the vehicle had numerous problems: oil leaks; gasket leaks; defective oil sending unit; the drive shaft was rubbing against the exhaust; the exhaust system needed a hanger; the tie rods were worn; the engine leaked coolant; and the headgaskets were eroded. The next day, February 26, 1993, the plaintiff again returned the car to the defendant complaining about overheating, knocking, oil leaking and shimmying.
On repeated occasions, both within and after the warranty period, the plaintiff again returned the vehicle to the defendant for repairs. The defendant never successfully repaired the vehicle. The ATR explicitly found that at the time of the sale, the vehicle "was not fit for or capable of serviceable transportation." Ultimately, in April 1993, after another attempted repair followed by still another breakdown, the plaintiff asked the defendant to take the car back and to refund her money. The defendant refused this offer.
DISCUSSION
"The trial court is authorized `"to render whatever judgment appropriately follows, as a matter of law, from the facts found CT Page 125-II by the attorney trial referee."' Burt's Spirit Shop, Inc. v.Ridgeway, 215 Conn. 355, 367, 576 A.2d 1267 (1990); Dills v.Enfield, 210 Conn. 705, 713, 557 A.2d 517 (1989). "In a matter heard before an attorney trial referee, the trial court's nondelegable judicial duty to render judgment turns on its ability to determine the facts found by the attorney trial referee. If the court finds material errors in the attorney trial referee's factual findings, it may, under those circumstances, order further proceedings. Practice Book § 443; Dills v.Enfield, supra." (Footnote omitted.) National Elevator Industryv. Scrivani, 31 Conn. App. 728, 732-33, 626 A.2d 1332 (1993), rev'd on other grounds, 229 Conn. 817, 644 A.2d 327 (1994). "An attorney referee is a factfinder whose determination of the facts is reviewable in accordance with the rules of practice found in Practice Book §§ 428 through 444. Seal Audio, Inc. v. Bozak,Inc. 199 Conn. 496, 502, 508 A.2d 415 (1986). The attorney trial referee has broad discretion to try facts and pass upon the credibility of witnesses. Argentinis v. Gould, 23 Conn. App. 9,16, 579 A.2d 1078 (1990), rev'd in part on other grounds,219 Conn. 151, 592 A.2d 378 (1991). However, "[w]here legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. Where evidence is in conflict, its probative force is for the trier of fact to determine." (Citation omitted) Bernard v. Gershman, 18 Conn. App. 652, 656, CT Page 125-JJ559 A.2d 1171 (1989).
In this case, the ATR found against the plaintiff under the first count of her complaint alleging breach of express warranty. The ATR concluded that the defendant satisfied the express warranties by attempting to fix the car within the warranty period without charging plaintiff for the repairs. The ATR also held against the plaintiff on her third count alleging violation of CUTPA, finding that the plaintiff failed to prove that the defendant's actions constituted an unfair trade practice within the meaning of CUTPA.
The ATR found in favor of plaintiff on the third count of her complaint alleging breach of implied warranties. More specifically, the ATR found that defendant breached the implied warranty that it was selling a vehicle capable of providing serviceable transportation. The ATR's decision recommended that the defendant pay the plaintiff $5,393.94, the original purchase price, and that the plaintiff return the vehicle to the defendant.
The defendant first takes issue with the ATR's conclusion that defendant made implied or "unspoken" promises to plaintiff. According to the defendant's reading of the ATR report, the ATR found that the purchase order for the transaction stated that the CT Page 125-KK vehicle was being sold "as is" and that implied warranties were lost. Defendant insists that the existence of this provision prevents its liability for implied warranties because any such warranties were waived. The defendant's arguments misconstrue the ATR's findings.
The parties' purchase order had a provision that the car was sold "as is" and that implied warranties were waived but contrary to the defendant's view, the ATR found that this provision wasnot operative in this case because the provision was not marked or checked by the parties as being applicable to this sale. (See exhibit 7.) The ATR further supported the conclusion that the parties did not expressly waive implied warranties by finding that there was no such waiver in the bill of sale.
Additionally, the ATR's ultimate conclusion that the defendant did not breach the express warranty must be rejected because this conclusion is contrary to the ATR's subordinate factual findings. The ATR found that within the warranty period the plaintiff sought repair of the vehicle for problems covered by the warranty, but the defendant never successfully corrected the problems. The fact that the defendant did not charge plaintiff for these repairs does not affect the factual finding that items covered by the express warranty were not fixed, nor change the ultimate conclusion that the express warranty provided CT Page 125-LL to the plaintiff by the defendant was thereby breached. SeeLeBlanc v. Newman Comet-Lincoln-Mercury, Inc., 6 Conn. Cir. 365, 371, 273 A.2d 726 (1970) (evidence that defect covered by warranty was not fixed within reasonable time or at all supported verdict for breach of warranty.)
The defendant's second objection is based on the ATR's damage award. The ATR concluded that the general rule under the Uniform Commercial Code for breach of warranty is that the measure of damages is the difference between the "value of the goods accepted and the value they would have had if they had been as warranted." General Statutes § 42a-2-714 (2). The ATR further concluded that the "plaintiff did not offer at the time of trial any measure" by which the trier could evaluate the difference between the car's actual value and its value if it had been as warranted. The defendant does not dispute that the car's purchase price is fair evidence of the car's value in a condition as warranted, but states that in the absence of evidence regarding the car's actual value, the plaintiff has failed to provide a sufficient basis to allow the court to award any monetary relief to the plaintiff under the measure of damages established by § 42a-2-714 (2).
The defendant's argument fails for the following alternative reasons: CT Page 125-MM
1. The measure of damages under § 42a-2-714 (2) is not as exclusive or strict as asserted by the defendant. Indeed, the Code's comment states that subsection 2 of § 42a-2-714
"describes [the] usual, standard and reasonable method of ascertaining damages in the case of breach of warranty, but it isnot intended as an exclusive measure. . . ." (Emphasis added) General Statutes § 42a-2-714, comment 3.
The case law generally supports the position that when goods cannot be repaired, as in this case, and as a consequence are essentially worthless, refund of the purchase price may be an appropriate remedy. See Fedders Corp. v. Boatright, 493 So.2d 301,309 (Miss. 1986); Jerry Alderman Ford Sales. Inc. v. Bailey,154 Ind. App. 632, 291 N.E.2d 92, 106 (1972); W W LivestockEnterprises Inc. v. Dennler, 179 N.W.2d 484, 490 (Iowa 1970).
A case very similar to the instant case is McGrady v.Chrysler Motors Corp., 46 Ill. App.3d 136, 360 N.E.2d 818 (1977). In McGrady, the court held that when there is no evidence indicating what the value of goods would have been if they had been as warranted, the trier may appropriately award the purchase price as damages when such an award is reasonable to fully compensate the plaintiff for the damages caused by the breach of warranty. CT Page 125-NN
In the instant case, the ATR's decision provides a reasonable and equitable award on the basis of the evidence. As the purchase price would be the maximum amount of plaintiff's recovery (in the absence of incidental or consequential damages), Id., the return of the vehicle was appropriate. See Microsize, Inc. v. ArkansasMicrofilm, Inc., 29 Ark. App. 49, 780 S.W.2d 574 (1989) (in breach of warranty action, buyer is not entitled to both recovery of purchase price and retention of goods).
2. Secondly, the Court cannot accept the ATR's legal conclusion that the plaintiff offered no evidence concerning the actual value of the vehicle. This conclusion is contrary to the ATR's factual findings. The ATR found that when the car was sold by the defendant, the vehicle "was not fit for or capable of serviceable transportation" based on a litany of mechanical problems and deficiencies, which the defendant tried, but failed to fix. A primary measure of value is fair market value; See, generally, Anderson, Uniform Commercial Code, 3d Ed., Vol. IV, § 2-714:5; and evidence that a car is not capable of serviceable transportation certainly provides some probative insight into the car's deminimis market value and supports the ultimate remedy fashioned by the ATR.
CONCLUSION
CT Page 125-OO
Therefore, for all the foregoing reasons and except as noted above, the report of the ATR is accepted and the defendant's objection is overruled. Judgment shall enter in favor of the plaintiff and against the defendant on Count I and Count II of the Complaint. Judgment shall enter in favor of defendant and against the plaintiff on Count III of the Complaint. The plaintiff shall transfer title of the subject vehicle back to the defendant and the defendant shall pay plaintiff $5,393.94.
STEVENS, J. CT Page 125-PP